[S. F. No. 1607.  Department Two.—July 25, 1899.]

Matter of the Estate of SUSAN CROOKS, Deceased.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—MORTGAGEE OF DEVISEE.—The distribution of the estate of a deceased person cannot be made to the motgagee of an heir or devisee, or to an assignee as security, who is not a grantee of the heir or devisee. The decree must name the persons entitled under the will, or by succession, or their grantees.

ID.—RIGHT OF MORTGAGEE TO BE HEARD—INTERVENTION—PLEADING.—The mortgagee has a right to be heard where his interests are affected by the decree of distribution; but no intervention should be allowed on his part, unless sustained by some pleading or statement as to the grounds on which he claims the right to be heard.

ID.—APPEAL BY MORTGAGEE—AGGRIEVED PARTY—INSUFFICIENT RECORD—DISMISSAL.—An appeal by the mortgagee from the decree of distribution, the record upon which merely shows an offer of the mortgage in evidence, unaccompanied by a pleading or statement of facts, or by any showing that the mortgage debt was not paid, and does not show that the mortgagee is an aggrieved party, must be dismissed.

MOTION in the Supreme Court to dismiss an appeal from a decree of the Superior Court of the City and County of San Francisco distributing the estate of a deceased person.  J. V. Coffey, Judge.

The facts are stated in the opinion of the court..

H. A. Powell, for Appellant.

Reddy, Campbell & Metson, and Ira D. Orton, for Respondent.

TEMPLE, J.—Susan Crooks died a resident of San Francisco, April 28, 1894, testate, and leaving a large estate. The will was probated, the executors qualified, and administration proceeded until the twenty-eighth day of November, 1897, when a petition was filed showing that the estate was ready for distribution. Notice was given, and April 1, 1898, the matter came on for hearing.

At the hearing the appellants, Wemple and Arnold, appeared and offered in evidence a document which purported to be a mortgage executed by Robert Lee Crooks, one of the devisees mentioned in the will of the testator, and also one of her heirs-at-law, upon all the right, title, and interest of the mortgagor of, in, and to all the real estate in the two inventories in the estate of Matthew Crooks, and all the real estate in the inventory in the estate of Susan Crooks, and all the other real estate in which Robert Lee Crooks may have any interest as heir at law of Matthew Crooks or Susan Crooks, to secure the payment of a certain promissory note for the sum of six thousand dollars and interest. The note was then past due. Wemple and Arnold filed no pleading or other appearance in writing. The attorney simply appeared in the courtroom, offered the mortgage in evidence, and proposed to ask that the share of Robert Lee be distributed to them. In the mortgage it was stated that "the party of the first part authorizes and directs the probate court to distribute, set over, transfer, and deliver to the party of the second part all his right, title, and interest in and to said estate as security for the payment of said promissory note."

To this offer Robert Lee Crooks objected, on the ground that the law does not warrant the distribution of an estate to an assignee as security, but only to heirs, devisees, and their grantees. The objection was sustained, the appellants excepting, and the distribution was made regardless of the claim of appellants.

The offer of the mortgage in evidence was not accompanied by a statement as to other facts which the appellants undertook to prove, and, as no appearance was made in writing, it does not appear that the debt has not been paid. Motion is now

made to dismiss the appeal because it is not made to appear from the record that appellants are aggrieved parties.

The only section of the code authorizing distribution to the grantees of an heir, or a devisee, is section 1678 of the Code of Civil Procedure.

The court correctly held that this section would not warrant the court in distributing the property to appellants. They are not the persons entitled under the will, nor by succession, nor are they grantees to whom distribution could be made. The decree must name the persons entitled under the will or by succession, or their grantees. A mortgage is not a conveyance, but only a contract by which property is hypothecated for the performance of an act. (Civ. Code, sec. 2920.)

At the most, the court could only distribute the property to Crooks, subject to the mortgage. There is no law or practice which requires the courts, in making distribution of an estate, to determine by its decree whether an alleged mortgage upon the interest of an heir is valid, or the debt has not been paid, or whether there is not some defense to it. None of the questions are germane to the subject, nor is their consideration authorized by the statute, or at all. As determined in *Chever v. Ching Hong Poy*, 82 Cal. 68, the decree of distribution is only conclusive upon the matter of succession, or as to rights under a will—at least, where the estate is distributed without an actual contest to the heirs, devisees, and legatees. Their title dates back to the death of the testator, or of their ancestor, and a distribution directly to them does not effect rights acquired from them since it accrued.

In fact, it seems to me so obvious that an estate should not be distributed to a mortgagee that the question hardly merits discussion. It does not follow, however, that appellants had not a right to be heard in the matter of the distribution. They have interests which may have been affected by the decree. To make the matter obvious let us suppose that they had a mortgage upon the interest of Robert Lee Crooks in his mother's estate, as an heir-at-law, as they did. Let us suppose that the entire estate was by the will given to others. It is in fact contended that it was so given, except a portion in trust for Robert Lee Crooks, so conditioned that it cannot be reached by his creditors.

Now, if the mortgagees thought the disposition made by the will was void, and the value of their security depended upon having the court so rule, they ought to be heard, and probably might intervene in some mode which would give them a hearing. The mortgagor might be quite satisfied with a decree which would render the security valueless.

But no such intervention should be tolerated, unless sustained by some pleading or statement as to the grounds upon which the intervenor claims the right to be heard in a proceeding to which he is not a party. His case does not come under section 1678 of the Code of Civil Procedure, but under the general proposition that one whose rights are being adjudicated upon ought to be heard. Even under the statute I think if there is a controversy over the matter the issues should be made in writing. Appellants say they were prevented from proving that their debt was not paid by the objection, which assumed a subsisting mortgage, but that, having such mortgage, they still had no rights. But it is quite plain that they had no rights as distributees, and such being the case it was most important that it should appear that they had some interest in the proceeding. This particular claim, that they had a right to be heard because their interests were involved, they did not make.

As a rule one who is not a party to the record cannot appeal in his own name. One not a party to an action or a proceeding may sometimes appeal, but in some way his interest must be made to appear in the record, and he be made a party to the ruling appealed from. According to the terms of the note contained in the mortgage offered, the money was past due, and nowhere in the record does it appear either by allegation or proof that it has not been paid, or that appellants had any debt or obligation secured by mortgage.

They were not shown to be parties aggrieved or parties at all to the proceeding.

The motion to dismiss the appeal is granted.

Garoutte, J., and McFarland, J., concurred.

Hearing in Bank denied.