[S. F. No. 2918. In Bank.—September 18, 1902.]

N. S. MARTINOVICH, Respondent, v. P. MARSICANO, Appellant.

ESTATES OF DECEASED PERSONS—TITLE OF WIDOW AS DEVISEE—JUDGMENT LIEN.—Upon the death of a testator, the interest in his estate devised to his widow vested in her immediately, subject only to the right of administration; and upon the docketing of a judgment rendered against her pending the administration, it became a lien upon her interest in the real estate devised to her, which continued for five years.

ID.—ASSIGNMENT TO CO-DEVISEE—DISTRIBUTION OF ESTATE—RIGHTS OF LIEN-HOLDER—"MATTER OF PROBATE."—The assignment by the devisee of all her interest in the estate, subsequent to the judgment rendered against her, to the only other devisee, and the distribution of the whole estate to the latter, cannot affect the rights of the holder of the judgment lien. Such lien was not a "matter of probate," of which the probate court had jurisdiction; and its owner was not required to present the same to the probate court, and was not entitled to participate in the distribution of the estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Naphtaly, Friedenrich & Ackerman, for Appellant.

James H. Boyer, and W. H. Barrows, for Respondent.

HARRISON, J.—Action to quiet title. Saverio Martinovich died February 6, 1889, seised of certain real estate
in San Francisco and elsewhere, leaving him surviving
his widow, Sophia Martinovich, and a son, the plaintiff
herein, to whom by his last will and testament he devised his
property. The will was admitted to probate and letters testamentary issued to the widow, who was appointed therein as
his executrix. A petition for final distribution of the estate
was filed October 22, 1897, and on March 30, 1898, a decree was
entered, in which, after reciting that "the said Sophia, widow
of the said deceased, and the said Nicholas Martinovich, son
of said deceased, are entitled to inherit the residue of the
estate," and that the said Sophia Martinovich has assigned
and transferred to the said Nicholas all her interest in the
said real estate, the court distributed an undivided half of the
said real estate to the plaintiff "as the heir of said Saverio
Martinovich, deceased," and the other undivided half thereof
to him "as assignee of the said Sophia Martinovich, widow
of said deceased." Pending the administration of the estate
the superior court of San Francisco rendered a judgment
against the said Sophia Martinovich in favor of the appellant
herein, for the sum of $3,079, which was duly entered and
docketed by the clerk of the court February 14, 1898. The
conveyance to the plaintiff by Sophia of all her interest in the
real estate of which her husband died seised was made March
29, 1898. Upon these facts the superior court held that the
appellant had no interest in or lien upon the land described
in the complaint, and that the plaintiff is the owner in fee
thereof, and entitled to a judgment quieting his title as against
any claim of the appellant. Judgment was thereupon entered
in favor of the plaintiff, from which the defendant, Marsicano,
has appealed.

Upon the death of the testator the interest in his estate
which was devised to Sophia vested in her immediately (Civ.
Code, sec. 1341; *Brenham* v. *Story,* 39 Cal. 179; *Estate of
Packer,* 125 Cal. 396[1]), subject to the right of the executrix
to the possession of the same for the purposes of administration until the estate should be settled or delivered over to the
devisees under the order of the court. (Code Civ. Proc., secs.
1452, 1581.) Upon the docketing of the appellant's judgment

---

[1] 73 Am. St. Rep. 58.

against her it became a lien upon all the real property in the county then owned by her, and this lien continued for five years. (Code Civ. Proc., sec. 671.) The words "real property" are coextensive with lands, tenements, and hereditaments (Civ. Code, sec. 172), and include any interest in land held by the judgment debtor. (*Fish* v. *Fowlie,* 58 Cal. 373.) The judgment in favor of the appellant therefore became a lien February 14, 1898, upon the undivided half of the real estate described in the complaint that had been devised to Sophia, which is situated in San Francisco, and was a lien thereon at the time the judgment appealed from was rendered, unless by the decree of distribution to the plaintiff he took it discharged of this lien.

By the constitution of this state the superior court is vested with jurisdiction "of all matters of probate," but its exercise of that jurisdiction is regulated by statute, as is the exercise of its jurisdiction in proceedings in insolvency or in cases of forcible entry and detainer, or for the foreclosure of a mortgage. "Matters of probate" include the ascertainment and determination of the persons who succeed to the estate of a decedent, either as heir, devisee, or legatee, as well as the amount or proportion of the estate to which each is entitled, and also the construction or effect to be given to the language of a will, but do not include a determination of claims against the heir or devisee for his portion of the estate arising subsequent to the death of the ancestor, whether such claim arises by virtue of his contract or *in invitum;* nor is the determination of conflicting claims to the estate of an heir or devisee, or whether he has conveyed or assigned his share of the estate, a "matter of probate." Section 1665 of the Code of Civil Procedure provides that upon an application for distribution at the close of administration the court must proceed to distribute the residue of the estate "among the persons who by law are entitled thereto"; and section 1666 declares that in the decree of distribution "the court must name the persons and the proportions or parts to which each shall be entitled"; and that "such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal." The decree is conclusive against them "only so far as they claim in their capacities as heirs, legatees, or devisees" (*Chever* v. *Ching Hong Poy,*

82 Cal. 68) ; "only as to the succession or testamentary right."
(*In re Burdick,* 112 Cal. 387.)

In the absence of statutory authority therefor, the superior
court, under its jurisdiction of all "matters of probate,"
would have no authority upon the final distribution of a
decedent's estate to assign the same, or any portion thereof,
to any person other than an heir, devisee, or legatee. By
section 1678 of the Code of Civil Procedure authority is
given to it to make distribution of real estate to others than
the heirs, legatees, or devisees, but its authority therefor rests
solely upon the provisions of this section, and is limited by its
terms. That section is as follows: "Partition or distribution
of the real estate may be made as provided in this chapter,
although some of the original heirs, legatees, or devisees may
have conveyed their shares to other persons, and such shares
must be assigned to the person holding the same in the same
manner as they otherwise would have been to such heirs,
legatees, or devisees." Under this section the court is author-
ized to assign the share of an original heir or devisee to another
only when such heir or devisee has "conveyed" his share to
such other person. The provision in the section that "such
shares must be assigned to the person holding the same *in the
same manner* as they otherwise would have been to such heirs,
legatees, or devisees," instead of implying that the distributee
takes the share discharged of any mortgage or judgment lien
thereon made or suffered by the heir or devisee in favor of
third persons, clearly indicates that he takes it subject to such
lien or encumbrance.

The provision in section 1666 giving to the distributees the
right "to demand, sue for, and recover their respective rights
from the executor or administrator" is a clear indication
that distribution can be made to only those persons who are
entitled to receive from the executor or administrator imme-
diate possession of the property distributed to them. Neither
in section 1678 nor elsewhere is there any provision author-
izing the court to assign a share of the estate to a person who
holds a mortgage or judgment lien or other encumbrance
thereon made or suffered by the heir subsequent to the death
of the ancestor. The appellant, therefore, as a judgment
creditor of the heir, was not entitled to receive any portion of
the estate, and the court could not upon distribution assign to

him any share thereof. Nor is there any provision in the statute requiring the holder of such lien to appear in court or present the same at the time of the distribution, at the peril of having the land distributed freed from his lien; and it would require a clear legislative declaration to that effect before we would feel justified in holding that he forfeited his lien for failing to so present it. The provision in section 1666, that the order or decree is conclusive, does not by its terms include him, and his lien will be no more affected by the distribution than would a lien upon the property of the heir created prior to the death of the decedent. (See *Barnard* v. *Wilson*, 74 Cal. 512.) In *Estate of Crooks*, 125 Cal. 561, a devisee had made a mortgage upon his interest in the estate to secure his promissory note, with the direction to the probate court to distribute his interest in the estate to the mortgagee as security for the payment of said note. The court refused to make such distribution, and upon an appeal therefrom this court said: ''The court correctly held that this section (1678) would not warrant the court in distributing the property to the appellants. They are not the persons entitled under the will, nor by succession, nor are they grantees to whom distribution could be made. The decree must name the persons entitled under the will or by succession or their grantees. A mortgage is not a conveyance, but only a contract by which property is hypothecated for the performance of an act.''

The respondent has cited expressions from certain cases which he construes as holding that the appellant was required to appear before the superior court upon the hearing for distribution and have his claim provided for in the decree, and that by his failure to do so he has been deprived of the right to enforce the lien of his judgment. The expressions upon which he relies are, however, to be read in connection with the facts in reference to which they were made and in the light of the statute under which the proceedings were had. An examination of the cases shows, moreover, that in none of them was presented or discussed the right or necessity of the holder of a judgment or other lien against the heir to present his claim at the hearing upon distribution. In these cases the persons who were held to be concluded by the decree were persons who were entitled by law, or by the terms of the will,

to have a portion of the estate of the ancestor distributed to them if they had presented their claim at the hearing upon distribution. In *Chever* v. *Ching Hong Poy,* 82 Cal. 68, one of the heirs of Chever, to whom a share of the estate was distributed, had, pending administration, conveyed his interest in the estate to his mother, and it was held he took nothing by the distribution; that the title vested in him on the death of his father by operation of law, and passed by the conveyance to his mother; that the decree of distribution is not the creation of any new title, but a mere determination of the person to whom the title of the ancestor had descended. In *William Hill Co.* v. *Lawler,* 116 Cal. 359, the widow had conveyed her interest in the land to one of her sons not named in the will, and upon distribution, under an agreement between two of the devisees named in the will and the widow, which was presented to the court and recited in the decree of distribution, this tract was assigned to these two devisees. In *Cunha* v. *Hughes,* 112 Cal. 111, it was sought to show that an undivided half of the community property should have been distributed to the widow, but it was held that by her failure to present her claim at that time or to appeal from the decree she was concluded from asserting any claim to the estate. What was said by Mr. Justice Myrick, in *Freeman* v. *Rahm,* 58 Cal. 111, with reference to the duty of the plaintiff to present his claim to the probate court, cannot be regarded as authority, for the reason that his opinion was concurred in by only two other justices of the court. The expression in some of these cases to the effect that under the notice for distribution the whole world is brought before the court, and that every person entitled to assert a claim against the estate must present the same or lose his right thereto, is to be construed in connection with the authority of the court over the subject-matter before it. The court has jurisdiction to distribute only the estate of which the decedent was possessed at the time of his death, and it is only a claim against that estate, or for some portion of it, for which it can make provision in its decree. As it can exercise this jurisdiction over only the persons to whom the estate is to be distributed, it is only these persons who can be affected by the notice or required to give it any attention. The notice is necessarily limited in its effect

to those who are entitled to have the property distributed to them.

The judgment is reversed.

Temple, J., Van Dyke, J., Garoutte, J., McFarland, J., Beatty, C. J., and Henshaw, J., concurred.