[Sac. No. 1012. In Bank.—December 21, 1903.]

In the Matter of the Estate of MARY E. RYDER, Deceased. L. RYDER, Appellant, v. MARY MOORE, Respondent.

ESTATES OF DECEASED PERSONS—DISTRIBUTION—JURISDICTION—CONVEYANCE BY HEIR-APPARENT.—The jurisdiction of the superior court over the estates of deceased persons is entirely statutory; and whatever power it may have in the matter of the distribution of an estate of a deceased person to consider and determine the rights of the grantees of heirs, legatees, or devisees, under conveyances made by them after the death of the decedent, rests solely upon the provisions of section 1678 of the Code of Civil Procedure, and is limited by the terms of said section. The court has no jurisdiction to determine the right of the grantee of an heir-apparent under a deed made prior to the death of the decedent, or to distribute the estate to such grantee, against the objection of the grantor, who is the sole heir of the decedent.

ID.—VOID BARGAIN-AND-SALE DEED—SUBSEQUENTLY ACQUIRED TITLE.— A bargain-and-sale deed by an heir-apparent prior to the death of the person of whose estate he may become the heir is legally void for want of any interest then to be conveyed, and the effect of the deed to · convey the subsequently acquired title of the grantor cannot authorize the grantee to claim distribution of the estate against the objection of the heir. Distribution of the estate of the decedent must be made to the heir who insists thereupon, leaving the question of the effect of the deed upon the after-acquired title of the heir, under section 1106 of the Civil Code, to be asserted in a proper proceeding. The determination of questions relative thereto is not within the scope of the probate proceedings, and is not authorized by statute.

APPEAL from a decree of distribution of the Superior Court of Yolo County. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

R. Clark, and G. Clark, for Appellant.

The conveyance of the expectancy of an heir-apparent without the consent of the ancestor is void. (Civ. Code, secs. 700, 1045; *McClure* v. *Raben,* 133 Ind. 507;[1] *Alves* v. *Schlesinger,* 81 Ky. 290; *Boynton* v. *Hubbard,* 7 Mass. 112; *Curtis* v. *Curtis,* 40 Me. 24.[2]) It did not convey a future inherited interest. (*McCall* v. *Hampton,* 98 Ky. 166.[3])

[1] 36 Am. St. Rep. 558.                    [3] 56 Am. St. Rep. 335.
[2] 63 Am. Dec. 651.

Byron Ball, for Respondent.

The bargain-and-sale deed conveyed the after-acquired title of the grantor, from whatever source derived. (Civ. Code, secs. 1069, 1106; 3 Washburn on Real Property, 3d ed., sec. 35; *Hawkins* v. *Hawkins,* 50 Cal. 558; *Nunnally* v. *White,* 3 Met. (Ky.) 589; *Clarke* v. *Baker,* 14 Cal. 630, 634;[1] *Sherman* v. *McCarthy,* 57 Cal. 514, 515; *Stewart* v. *Powers,* 98 Cal. 518; *Green* v. *Green,* 103 Cal. 110; *Merrill* v. *Clark,* 103 Cal. 367.)

ANGELLOTTI, J.—This is an appeal by L. Ryder, the father and sole heir of Mary E. Ryder, deceased, from the decree of distribution made in the matter of her estate, distributing all of the property of the estate to one Mary Moore, and also from an order denying his motion for a new trial in the matter of said distribution.

It appears that the deceased died intestate on June 23, 1900, leaving her surviving her said father, the appellant, her only heir at law. Her estate consisted of an undivided one half of a parcel of land in Yolo County, which she had acquired in the year 1876 by inheritance from her mother, Emergene Ryder, wife of appellant.

Appellant was regularly appointed administrator of the estate of his deceased daughter, and in due time presented his final account as such administrator, together with a petition for the final distribution of the said undivided one half of said realty, constituting the whole of the residue of the estate, to himself, as the sole heir of deceased. The respondent, Mary Moore, thereupon filed her opposition to the distribution of said realty to appellant, and asked that the same be distributed to her, the sole ground of her claim being, as shown by the allegations of her opposition, that in the year 1883, seventeen years before the death of deceased, the appellant, who as a distributee of said Emergene Ryder was then the owner of the other undivided one half of said realty, had, for a valuable consideration and by a deed of grant, bargain, and sale, purported to convey the whole of said parcel of land to her, and that she had not thereafter ever parted with the title so attempted to be conveyed to her.

Appellant answered said opposition, alleging that the deed

[1] 76 Am. Dec. 445.

made by him to said Mary Moore was made through inadvertence and mistake, said mistake consisting in "the description in said deed being made to convey five acres of land when it was the intent of the grantor to convey two and one half acres of land and no more." The court did not make any finding upon the question of mistake, but, finding that the deed was executed by appellant as hereinbefore stated, decreed distribution to said Mary Moore.

The allegation as to mistake contained in the so-called answer to the opposition was insufficient in several respects, but it was treated as sufficient by respondent, who amended her opposition to meet the same, by denying "that the same or any part thereof was or is a mistake in any particular whatever, or that it does not clearly and explicitly state the contract and understanding of the parties thereto at the time of its execution and delivery, of which it bears date." The hearing proceeded upon the theory that issue had been made upon the question of mistake, each party introducing evidence thereon. It sufficiently appears from the record that appellant objected to the distribution being made to respondent, upon the ground that it was not the intention and understanding of both parties that the deed should convey anything except the undivided one half of the property that appellant then owned, and that the words purporting to convey more were inserted by mistake.

It is urged that, under these circumstances, the superior court had no right in this proceeding to determine as to the merits of respondent's claim, and to decree distribution to her, and we are of the opinion that this contention must be sustained. Notwithstanding the general jurisdiction of the superior court, proceedings in probate are entirely statutory, and the court exercises therein a special and limited jurisdiction, in the sense that its jurisdiction is limited by the mode and procedure prescribed by the statute. It is well settled that in the exercise of its probate jurisdiction it is not authorized, in the absence of express statutory authority, to decide controversies not strictly within the probate proceedings. (See *Toland* v. *Earl*, 129 Cal. 155;[1] *More* v. *More*, 133 Cal. 489, 496; *Martinovich* v. *Marsicano*, 137 Cal. 354-356.)

[1] 79 Am. St. Rep. 100.

Its function therein is to administer the estate of the deceased and distribute the residue of his property *among those who are entitled to the same under any will properly executed, or under the laws of succession, if the deceased died intestate.* If it were not for section 1678 of the Code of Civil Procedure, the only questions on distribution would be as to who were the heirs, legatees, and devisees, and what property they were entitled to as such, and the court would be without authority to distribute to any persons other than heirs, legatees, or devisees, for that section is the only provision of our law that authorizes distribution to any other person. (*Estate of Crooks,* 125 Cal. 459; *Martinovich* v. *Marsicano,* 137 Cal. 354.) The said section provides as follows, viz.: ''Partition or distribution of the real estate may be made as provided in this chapter, although some of the original heirs, legatees, or devisees may have conveyed their shares to other persons, and such shares must be assigned to the person holding the same, in the same manner as they otherwise would have been to such heirs, legatees, or devisees.''

The opinions of this court are not entirely harmonious as to the authority of the court on distribution to determine, against the objection of an heir, legatee, or devisee, as to the rights of a third person claiming under a conveyance alleged to have been made by such devisee, legatee or heir. (*Freeman* v. *Rahm,* 58 Cal. 111; *Chever* v. *Ching Hong Poy,* 62 Cal. 71; *Estate of Vaughn,* 92 Cal. 193; *William Hill Co.* v. *Lawlor,* 116 Cal. 359; *More* v. *More,* 133 Cal. 489; *Estate of Crooks,* 125 Cal. 459; *Martinovich* v. *Marsicano,* 137 Cal. 354.) It may, however, be conceded, solely for the purposes of this case, that under the provisions of section 1678 of the Code of Civil Procedure, the court on distribution may determine disputes between heirs, legatees, or devisees, and persons claiming to be the grantees of their shares under conveyances made by them, although the determination of such disputes would not ordinarily be within the functions of the probate court. If such authority exists, it rests solely upon the provisions of the section, and is limited by its terms. (*Martinovich* v. *Marsicano,* 137 Cal. 354.) But this section includes only conveyances of their shares made by *''heirs,*

CXLI. Cal.—24

legatees, or *devisees*," and has no reference to conveyances made prior to the death of the deceased, by persons who were not at the time of the conveyance either heirs, legatees, or devisees, and who then had no interest in the property that was capable of being conveyed. (Civ. Code, secs. 700, 1045; *Estate of Garcelon,* 104 Cal. 584;[1] *Estate of Wickersham,* 138 Cal. 355, 361.) In the *Estate of Wickersham,* speaking of an attempted conveyance by an heir-apparent, this court said: "It was legally void; nor could it operate to transfer to the grantee, upon the death of Mrs. Wickersham (the wife of said I. G. Wickersham), the legal interest of the grantor in her estate. He therefore still remained the legal owner of that interest." While such a contract of an heir-apparent may in some cases be enforced in equity as an agreement to convey, or by way of estoppel, it is not a conveyance of the legal title, and is not within the letter or spirit of section 1678 of the Code of Civil Procedure. What was said in the opinion in *Estate of Wickersham,* 138 Cal. 355, as to the power of the court having jurisdiction of the estate of Mrs. Wickersham to determine all questions as to the enforcement in equity of the contract there involved, was *obiter dictum,* for the only question there was as to the power of the court dealing with the estate of I. G. Wickersham.

Respondent relies on section 1634 of the Code of Civil Procedure, contained in the chapter relating to "accounts," which provides that if a petition for final distribution be filed with the final account, the notices posted must so state, and in such case, "on the settlement of said account, distribution and partition of the estate to *all entitled thereto* may be immediately had, without further notice or proceedings." This section in no degree enlarges the scope of the inquiry that may be made by the court on distribution, but was designed simply to enable the court to make distribution in the cases there specified, *to the persons entitled under the law to distribution, without further notice than that specified in the section.* The provisions as to the powers and duties of the court on distribution are to be found in the sections contained in the chapter relating to the partition, distribution, and final settlement of estates, and the sections material to this contro-

---

[1] 43 Am. St. Rep. 134.

versy are sections 1665, 1666, and 1678 of the Code of Civil Procedure. Under these sections the only persons whose claims to distribution can be considered are those who claim directly from the deceased as heirs, devisees, or legatees, and those who claim as their assignees, under conveyances made by them subsequent to the death of deceased.

Respondent's claim is based upon section 1106 of the Civil Code, which provides as follows: "Where a person purports by proper instrument to grant real property in fee simple, and subsequently acquires any title, or claim of title thereto, the same passes by operation of law to the grantee, or his successors."

It may be that any title to this property that appellant acquires from deceased passes by operation of law to respondent, by virtue of the deed alleged to have been executed by appellant seventeen years prior to the death of deceased. The court had no right, however, against the objection of appellant, to determine on distribution whether or not any such deed was ever executed, or as to the effect thereof, for it was not a conveyance made by an "heir, legatee, or devisee." At most, it was an attempted conveyance by one who then had no transferable interest in the property here involved, and the determination of questions relating thereto is not within the scope of the probate proceedings, and is not authorized by the statute.

The decree of distribution will judicially determine the question as to whether or not the appellant acquired any title to the property of his daughter under the law of succession, and a decree distributing the property to appellant will not estop respondent from asserting, in a proper proceeding, any claim she may have under section 1106 of the Civil Code to the title so determined to have been acquired by appellant.

Our conclusion upon the question discussed makes it unnecessary to consider the other questions presented by this appeal.

The decree of the superior court distributing the property of the estate of the deceased to Mary Moore is reversed and the cause remanded for further proceedings.

McFarland, J., Van Dyke, J., Beatty, C. J., Lorigan, J., and Henshaw, J., concurred.