[Civil No. 1027.    Filed March 27, 1908.]

[95 Pac. 109.]

JOHN ARTHUR MACONCHY and ALEXANDER KNOX McINTIRE, Assignees in Bankruptcy of WALTER DELEHANTY, Plaintiffs and Appellants, v. WALTER DELEHANTY and MARY POWER, Defendants and Appellees.

1. DEEDS—FOREIGN—CONVEYANCE.—Comity will not prevail to the extent of giving effect to a foreign statutory conveyance of real estate.

2. BANKRUPTCY — FOREIGN — ASSIGNMENT — CONVEYANCE —ACKNOWLEDGMENT—DEFECTIVE.—An assignment by a bankrupt in a foreign bankruptcy proceeding, even though made voluntarily, does not operate to convey real estate, situated in Arizona, where the assignment is not acknowledged as provided by the laws of Arizona.

3. PROBATE COURT—ASSIGNMENT OF DISTRIBUTIVE SHARES—REV. STATS. ARIZ. 1901, PAR. 1904, CONSTRUED.—Under paragraph 1904, *supra,*

authorizing the probate court to assign shares of real estate only to the heirs, or to persons to whom they have been "conveyed," that court has no authority to assign the share of an heir to another who does not hold a valid "conveyance" of title.

4. SAME—SAME—BANKRUPTCY—PERSONAL ESTATE—FOREIGN ASSIGNMENT—WHEN VALID.—While no effect can be given to an assignment of a foreign bankrupt in so far as it affects real estate because not properly acknowledged, yet where there are no local creditors to be protected, it is proper for the probate court to assign to foreign assignees of a bankrupt the bankrupt's share in the personal property of his deceased relative.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed and remanded.

Judicial settlement of the estate of P. J. Delehanty, deceased, in which John A. Maconchy and another, foreign assignees in bankruptcy of Walter Delehanty, one of decedent's heirs at law and next of kin, applied to have his share in such estate set off to them. From a judgment denying such relief, and from an order denying petitioners' motion for a new trial, they appeal.

The facts are stated in the opinion.

O. Gibson, for Appellants.

Ben Goodrich, for Appellees.

CAMPBELL, J.—It appears from the petition filed in this case that in July, 1904, P. J. Delehanty died intestate in Cochise county, leaving an estate of real and personal property. His heirs at law and next of kin are a sister, Mary Power, and a brother, Walter Delehanty. The sister was appointed administratrix of the estate. On October 5, 1904, the brother, then a resident of Ireland, was, upon a petition of his creditors, adjudicated a bankrupt by the high court of justice in Ireland, king's bench division, in bankruptcy. By choice of the creditors John Arthur Maconchy and Alexander Knox McIntire were appointed official assignees in bankruptcy. On October 25, 1904, the bankrupt executed an instrument in writing by which he undertook to assign to the said official assignees in bankruptcy all his share in the real and personal estate of P. J. Delehanty, upon trust to be held by them as such assignees, and to be dealt with by them as a

part of the assets of the bankrupt and applied according to the course of the court in such case made and provided. In July, 1906, and after more than one year had elapsed from the issuing of letters of administration upon the estate of P. J. Delehanty, the official assignees filed their petition in the probate court of Cochise county, alleging that they, by reason of the assignment, have become and are entitled to distribution to them of one-half of the entire estate of the deceased after the debts of said deceased have first been paid and the expenses of administration deducted, and prayed that the court ascertain and declare the rights of all persons to the estate and all interest therein, and to whom distribution thereof should be made. This proceeding is provided for in paragraphs 1891, 1892, 1893, and 1894 of the Revised Statutes of 1901. Walter Delehanty and Mary Power, as heirs and next of kin, disputed the rights of the assignees upon the ground that the assignment was a proceeding in foreign involuntary bankruptcy, and did not operate to convey title to property in this country. Upon a hearing had in the probate court the claim of the assignees to the share of Walter Delehanty was rejected. Appeal was thereupon taken to the district court. At the trial before a jury in the district court an objection to the offer in evidence of the assignment was sustained, and a verdict in favor of Walter Delehanty directed. From the judgment entered upon such verdict, and from the order denying a new trial, this appeal is brought.

The trial court sustained the objection to the admission in evidence of the assignment upon the ground that it appeared therefrom that it was an involuntary assignment in bankruptcy, made under the laws of a foreign country, and therefore did not operate to convey title to real and personal property in this territory. While the assignees claim that neither from the instrument itself nor by the pleadings is it made to appear that it was not voluntarily executed, we shall, for the purposes of this opinion, treat it as having been made under an order of the foreign bankruptcy court, and hence involuntary. Therefore the matter for our determination is the effect we will give to a foreign involuntary assignment in bankruptcy upon property in this territory. The question is one that has been before the courts of this country in many cases and from almost the beginning of our national existence. The English rule is to give full effect to such transfers of personal property, but as early as 1809 Chief Justice Marshall,

in *Harrison* v. *Sterry,* 5 Cranch (U. S.), 289, 3 L. Ed. 104, held that the bankrupt law of a foreign country could not operate a legal transfer of property in this country.    Chancellor Kent, in *Holmes* v. *Remsen,* 4 Johns. Ch. (N. Y.) 460, 8 Am. Dec. 581, followed the English rule, holding the assignment valid, even as against domestic creditors.    *Holmes* v. *Remsen* was disapproved in *Abraham* v. *Plestoro,* 3 Wend. (N. Y.) 538, 20 Am. Dec. 742, and in *Willitts* v. *Waite,* 25 N. Y. 577, and it has been the almost universal holding of the courts that *ex proprio vigore* the assignment has no extraterritorial effect.    The most recent expression on the subject by the supreme court of the United States is in *Security Trust Company* v. *Dodd, Mead & Co.,* 173 U. S. 624, 19 Sup. Ct. 545, 43 L. Ed. 835, where, after a discussion as to the effect to be given to voluntary or common-law assignments, it is said: "But the rule with respect to statutory assignments is somewhat different.    While the authorities are not altogether harmonious, the prevailing American doctrine is that a conveyance under a state insolvent law operates only upon property within the territory of that state, and that with respect to property in other states it is given only such effect as the laws of such state permit, and that, in general, it must give way to claims of creditors pursuing their remedies there.    It passes no title to real estate situated in another state.    Nor, as to personal property, will the title acquired by it prevail against the rights of attaching creditors under the laws of the state where the property is actually situated."

In nearly all of the cases in which the question has arisen the rights of attaching creditors have been involved.    Here no such rights are involved.    The contest is entirely between the bankrupt and his assignees.    No case has been brought to our attention in which effect has been refused the assignment of personal property where it did not deprive creditors pursuing their rights in the local forum of a security, or violate the public policy of the state.    Where effect is given, it is not upon the theory that the assignment operates to convey the title, but is given under the general rule of comity.    *Oakey* v. *Bennett,* 11 How. 33, 13 L. Ed. 593; *Willitts* v. *Waite, supra; Happy* v. *Prickett,* 24 Wash. 290, 64 Pac. 528.    Professor Minor, in his recent work on Conflict of Laws, at page 322, thus states the principle: "But it does not follow, because *ex proprio vigore* the assignment has no extraterritorial

XI Ariz.—24

effect, that no such effect is under any circumstances to be accorded it. On the contrary, except with respect to land, the general rule of comity is to recognize the title conferred by the *lex domicilii* upon the assignee in every state where the insolvent's property may be located, save only where the interests of the forum or of creditors require that it be disregarded. Hence, if the case does not affect creditors in the forum, but merely relates to the title of the assignee and his right to collect and sue for debts due the insolvent, the transfer to the assignee under the *lex domicilii* is sustained.'' According to all the authorities, however, comity will not prevail to the extent of giving effect to a foreign statutory conveyance of real estate. We need not pursue the reasons for this here, because the instrument before us, even if it was voluntarily executed, does not operate to convey real estate, since it is not acknowledged as provided by our statute. *Lewis* v. *Herrera*, 10 Ariz. 74, 85 Pac. 245, affirmed on appeal by the supreme court of the United States, 208 U. S. 309, 28 Sup. Ct. 412, 52 L. Ed. 506. Paragraph 1904, Revised Statutes of 1901, authorizes the probate court to assign shares of real estate only to the heirs, or to persons to whom they have ''conveyed''; and that court has no authority to assign the share of an heir to another who does not hold a valid conveyance of the title. *Martinovich* v. *Marsicano*, 137 Cal. 354, 70 Pac. 459; *In re Ryder's Estate*, 141 Cal. 371, 74 Pac. 993.

While no effect can be given the assignment so far as the real estate is concerned, we see no reason why effect should not be given to it so far as it relates to the distributive share of personalty. There are no local creditors to be protected. No policy of this territory will thus be violated. On the contrary, we think such action will conform to the present policy of the country, since, by the national bankruptcy act, our citizens, upon being adjudged bankrupts, are required to execute to their trustees transfers of all their property in foreign countries (c. 5, sec. 7, Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. Stats. 1901, p. 3425]) ; and we thus seek, through the comity of foreign nations, to secure for the creditors of our bankrupts the rights asked by the assignees here.

We think, for the foregoing reasons, that the trial court erred in refusing to admit the assignment in evidence, and in denying the motion for a new trial. The judgment is therefore reversed, and the cause remanded for a new trial.

KENT, C. J., and SLOAN and NAVE, JJ., concur.