[L. A. No. 13274.  In Bank.—June 16, 1932.]

VIRGIL E. PARR, Appellant, v. MAYSEL REYMAN, as Administratrix, etc., Respondent.

Hert & Withington and Hert, Mussell & Withington for Appellant.

O'Connor & Findlay for Respondent.

CURTIS, J.—Action against the defendant as administratrix with the will annexed of the estate of Willard A. Parr, deceased, to declare an oral trust in certain real and personal property. Plaintiff and Willard A. Parr were brothers. Their mother, Elizabeth Parr, died on or about May 3, 1916, leaving as her heirs at law the plaintiff, Virgil E. Parr, the deceased, Willard A. Parr, a third son, Enoch D. Parr, and a daughter, Emma A. Brady. She also left a last will and testament which was admitted to probate. By the terms of said will her entire estate was left to her two sons, Virgil and Enoch, and to her daughter, Emma A. Brady. Willard A. Parr took nothing under the will of his mother, and Virgil E. Parr was named as executor of said will. On June 12, 1917, pending the administration of said estate, by a deed absolute in form, Virgil E. Parr conveyed all of his interest in his mother's estate to his brother, Willard A. Parr. Thereafter, by a decree of distribution the interest in said estate conveyed by Virgil to Willard was distributed to Willard. At that time the residue of the estate consisted of both real and personal property, and the plaintiff now seeks to have declared a trust in so much of said real and personal property as the decedent Willard A. Parr acquired by virtue of the deed from Virgil to Willard of the date June 12, 1917. It is the contention of Virgil, and he so alleges that fact in his pleadings, that he conveyed his interest in the estate of his mother to his brother, Willard, "To hold and use all of said real and personal property until such time as this plaintiff should require the reconveyance and delivery of said real and personal property to the plaintiff herein, and the said Willard A. Parr, as aforesaid, was to use the same and to have the income thereof until said time." Willard A. Parr died in January, 1929, almost twelve years after said conveyance, during which time he exercised complete control and dominion over said real and personal property in all respects as if he were the absolute owner thereof. No demand was made by Virgil Parr during the lifetime of his brother, Willard, that the latter reconvey to him any part of said real and personal property, nor, so far as the record reveals, was any claim made by Virgil during the lifetime of his brother, Willard, that he (Virgil) was the owner or claimed any interest in said real and personal property, Some four months after the

death of Willard, and after Virgil had been appointed the administrator with the will annexed of his brother Willard's estate, the original executrix, Ida M. Mather, having died after her appointment as such executrix, the plaintiff first made claim to some interest in his brother's estate. This claim was in the form of a regular creditor's claim presented against said estate for a definite amount of money which he claimed was the value of the interest in said real and personal property, conveyed by him to Willard. This claim was subsequently withdrawn, and on December 5, 1929, Virgil commenced this action, he having resigned in the meantime as administrator and the defendant having been appointed in his place. The case was tried by the court and findings were made and judgment rendered in favor of the defendant. The plaintiff has appealed upon the judgment-roll.

The finding of the trial court as to the circumstances under which the conveyance of the interest in his mother's estate was made by Virgil to Willard, although somewhat equivocal and uncertain, appears to be favorable to the claim of Virgil that said conveyance was made under a verbal agreement that Willard should hold and use the property conveyed until such time as Virgil should require a reconveyance thereof to himself, when Willard was to reconvey said property to Virgil upon Virgil's demand. We are assuming that this finding is sufficient to sustain the agreement as alleged and set forth in plaintiff's pleadings. The court further found that by the decree of distribution said real and personal property was distributed to Willard. As conclusions of law from these facts the court held "that the terms and conditions of previous agreements, if any there were, were all merged in said decree of distribution in the estate of Elizabeth Parr, and bearing date the 2nd day of February, 1918, and that said decree, never having been appealed from, is now final and conclusive in the premises and that the defendant is entitled to judgment herein together with her costs herein incurred".

Appellant contends that the court misconstrued the law as applicable to the facts set forth in the findings, and that the decree of distribution is not final and conclusive as to the agreement entered into between Virgil and Willard at the time Virgil conveyed said real and personal prop-

erty to Willard. It is the position of the appellant that his agreement with Willard at the time of said conveyance is not merged in the decree of distribution in his mother's estate, and that his rights under said agreement are in no way controlled or affected by said decree of distribution.

This contention of appellant must be sustained. The precise point was before this court in the case of *Chever* v. *Ching Hong Poy,* 82 Cal. 68 [22 Pac. 1081, 1082]. In that case certain real property descended from the father to five sons, subject to an estate therein to their mother during her widowhood. One of said sons, during the administration of his father's estate, conveyed his fifth interest in said real property to his mother. Thereafter the decree of distribution in his father's estate distributed said real property to the mother during her widowhood, the remainder to her five sons, notwithstanding the deed of one of said sons of his interest in said real property to his mother. Thereafter a controversy arose as to the ownership of said one-fifth interest in said real property which said son had conveyed to his mother between this son and the administrator of his mother's estate. The trial court decided the controversy in favor of the administrator, and the son appealed. Quoting from the opinion the issue is stated as follows: "Upon this state of facts the contention of appellant is, that, notwithstanding his said deed to his mother of May 10, 1860, by which he conveyed her all his right and title to the property, the subsequent decree of distribution entirely destroyed the effect of that deed, and conclusively established the title in appellant as of the date of this decree." In holding against this contention of appellant this court held (p. 71), "Section 1666 of the Code of Civil Procedure provides that a decree of distribution 'is conclusive as to the rights of heirs, legatees, or devisees'; but it is conclusive against them *as* heirs, legatees, or devisees—only so far as they claim in such capacities. The probate court has jurisdiction to determine who are the legal heirs of a deceased person who died intestate, and who are the devisees or legatees of one who died testate; but its determination of such matters does not create any new title; it merely declares the title which accrued under the law of descents or under the provisions of the will. The decree of distribution has nothing to do with contracts or conveyances which may have been made by

heirs, devisees, or legatees of or about their shares of the estate, either among themselves or with others; such matters are not before the probate court, and over them it has no jurisdiction. An heir may contract about or convey the title which the law had cast upon him on the death of his ancestor; and the validity or force of such contract is not affected by the fact that a probate court afterwards, by its decree of distribution, declares his asserted heirship and title to be valid." Our courts have in innumerable cases affirmed this doctrine. (*Estate of Burton,* 93 Cal. 459, 461 [29 Pac. 36]; *Estate of Burdick,* 112 Cal. 387, 391 [44 Pac. 734]; *Estate of Crooks,* 125 Cal. 459 [58 Pac. 89]; *Martinovich* v. *Marsicano,* 137 Cal. 354, 356 [70 Pac. 459]; *Estate of Ryder,* 141 Cal. 366 [74 Pac. 993]; *Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981]; *Estate of Howe,* 161 Cal. 152 [118 Pac. 515]; *Estate of Lyon,* 163 Cal. 803 [127 Pac. 75]; *Archer* v. *Harvey,* 164 Cal. 274 [128 Pac. 410]; *Shaw* v. *Palmer,* 65 Cal. App. 441 [224 Pac. 106].)

In the case of *Martinovich* v. *Marsicano, supra,* this court stated the law applicable to the question now under discussion as follows: " 'Matters of probate' include the ascertainment and determination of the persons who succeed to the estate of a decedent, either as heir, devisee, or legatee, as well as the amount or proportion of the estate to which each is entitled, and also the construction or effect to be given to the language of a will, but do not include a determination of claims against the heir or devisee for his portion of the estate arising subsequent to the death of the ancestor, whether such claim arises by virtue of his contract or *in invitum;* nor is the determination of conflicting claims to the estate of an heir or devisee, or whether he has conveyed or assigned his share of the estate, a 'matter of probate'."

An attempt is made to distinguish the line of authorities just cited from the present case. In the first place, it is contended that the appellant in this action is not claiming under the decree of distribution, but adversely to it, while in certain of the authorities relied upon above the claimant is a grantor claiming under a decree of distribution adversely to the terms of his prior grant. In the other authorities cited above it is pointed out that the claimant was not an heir, legatee or devisee of the deceased, and had

obtained his title during the pendency of the probate proceedings through a deed or other legal conveyance from an heir, devisee or legatee, while in the present action each of the parties to the deed from Virgil to Willard was an heir of his deceased mother, and was properly before the probate court at the time of the distribution of her estate. As to the first of these attempted differentiations between this case and the authorities cited, we are unable to see any difference in principle, in so far as the question of the conclusive effect of a decree of distribution is concerned between parties where the grantor is claiming under a decree of distribution notwithstanding his grant deed divesting himself of all interest in the estate, and a grantor claiming adversely to the decree of distribution, which distributes the property conveyed by him in accordance with the terms of his grant. It is claimed that in cases where a grantor is claiming under a decree of distribution adversely to his deed, they might have rested upon the broad principle of law that a grant deed passes subsequently acquired title. Admitting for the present purpose that those cases might have been so decided, the decisions therein show that they were not. The decisions rested upon another equally well-recognized principle of law that the probate court has no jurisdiction over "contracts or conveyances which may have been made by heirs, devisees, or legatees of or about their shares of the estate, either among themselves or with others; such matters are not before the probate court, and over them it has no jurisdiction." (*Chever* v. *Ching Hong Poy, supra.*) Or, as was said in *Martinovich* v. *Marsicano, supra,* " 'Matters of probate' . . . do not include a determination of claims against the heir or devisee for his portion of the estate arising subsequent to the death of the ancestor, whether such claim arises by virtue of his contract or *in invitum.* . . . "

The second of the attempted differentiations between the cited cases and the present case is equally unavailing. The quotations from the authorities cited above and the cases themselves plainly show that the probate court has no jurisdiction over contracts or conveyances made by heirs, devisees, or legatees, "either *among themselves* or with others".

The following authorities are relied upon in support of the ruling of the trial court that the decree of distribution is conclusive of the rights of the parties under the agreement to reconvey the real and personal property involved herein: *Miller* v. *Pitman,* 180 Cal. 540 [182 Pac. 50]; *Newport* v. *Hatton,* 195 Cal. 132 [231 Pac. 987]; *Estate of Finch,* 202 Cal. 612 [262 Pac. 34]; *Shipley* v. *Jordan,* 206 Cal. 439 [274 Pac. 745]. We have carefully examined these cases and we find nothing in them which supports respondent's contention that the decree of distribution is conclusive of the rights of the parties under the agreement of reconveyance. The case of *Miller* v. *Pitman, supra,* appears to be relied upon more firmly than any of the other cases cited by respondent. In that case the facts showed that Elias W. Pitman at the time of his death was the owner of certain real property. He left a wife and children. By his will he bequeathed a life interest in said real property "to his wife, with remainders in fee to their children and to the heirs of their children's bodies". Under the terms of the will the plaintiff was entitled to receive one-sixth interest in the remainder estate. The estate was probated, and by the decree of distribution the whole of the estate was decreed and distributed to his widow. No appeal was ever taken from this decree. After the death of the widow the plaintiff brought an action to quiet title to a one-sixth interest in said real property. His claim was contested, and it was held that the decree of distribution was final and conclusive of his rights, and that under this decree of distribution all of the estate of Elias W. Pitman was decreed and distributed to his widow. That case can be readily distinguished from the instant case. As stated therein (p. 543), "Clearly, the probate court had jurisdiction of the subject-matter of the decree of distribution, and the fact that the decree erroneously construed the terms of the will did not operate to render the decree void." In the case before us, as we have stated before, contracts or conveyances which have been made by the heirs, devisees or legatees are not matters "before the probate court and over them it has no jurisdiction". (*Chever* v. *Ching Hong Poy, supra.*) It is not necessary for us to discuss further the other cases cited in support of the judgment of the trial court. The most favorable of them from respondent's point

of view are simply along the line of *Miller* v. *Pitman, supra,* and none of them bears out the contention of respondent. It follows from the views expressed that the decree of distribution in the estate of Elizabeth Parr, deceased, is not conclusive of the rights of the parties hereto under the agreement made by Willard Parr to reconvey the real and personal property involved herein to his brother Virgil.

█ However, we are not of the opinion that the judgment should be reversed. Respondent makes the further contention that the appellant's cause of action is barred by his laches. This contention, we think, must be sustained. As already noted, almost twelve years elapsed between the date of the verbal promise of Willard to reconvey the property to Virgil and the death of Willard, during which time Virgil never made any demand or request upon Willard for a reconveyance of said property, nor did Virgil during this time ever make any claim to said property, or to any part thereof. Relative to this matter the court found: "That the said Virgil E. Parr, the plaintiff herein, did not, during the lifetime of the said Willard A. Parr, ever make demand upon the said Willard A. Parr for the return to him of the real property theretofore conveyed to said Willard A. Parr by the said Virgil E. Parr, although the said Willard A. Parr had, during his lifetime and in expectation of death, called his said brother Virgil E. Parr to his bedside and asked him if there was any unsettled business between them and if there was any obligation owing from him to his said brother." In the face of this finding of fact it would appear that a conclusive case of laches had been made out by the respondent as against Virgil E. Parr, and that it would be most unjust and inequitable to permit the appellant after this long period of silence and inaction to now assert a claim against the estate of his deceased brother. Stale claims are abhorred by equity. Claims against deceased persons, especially when they have been of long standing, are always looked upon with distrust by courts of law as well as courts of equity. The weakness of appellant's claim is further emphasized by his failure to respond to the request made by his brother, we would infer while the latter was upon his deathbed, that Virgil make known and declare any unsettled business between them or any obligation which

Willard might owe to his brother Virgil. To allow the appellant to remain silent during the lifetime of his brother, even to refuse upon request to disclose any claim he might have against the latter, and then, when death had sealed the lips of his brother, to permit him to enforce a claim resting in parol and made some twelve years previously is asking a court to run counter to all rules of equity and to all principles of justice and fair dealings. The findings unquestionably make out a complete defense of laches.

The judgment is affirmed.

Shenk, J., Waste, C. J., Preston, J., Tyler, J., *pro tem.*, Langdon, J., and Seawell, J., concurred.

Rehearing denied.