[Civ. No. 6313.   Third Appellate District.—January 29, 1940.]

In the Matter of the Estate of JULIEN FERAUT, Deceased. JOSEPH B. FERAUT, Appellant, v. TESSIE FERAUT SACKETT, Administratrix, etc., Respondent.

Darold D. McCoe and Charles Reagh for Appellant.

Charles A. Bliss for Respondent.

PULLEN, P. J.—This appeal is from an order refusing to modify a final decree of distribution in the Estate of Julien Feraut, deceased. To properly understand the controversy it is necessary to recite in some detail the history of the entire proceeding.

In 1933 Ella Shaff Feraut, the wife of Julien Feraut, the father of the parties concerned in this appeal, died testate, making her husband the beneficiary of her estate, which included the property here involved. Julien Feraut qualified as executor, but died June 4, 1935, before the administration of her estate was completed.

During the pendency of the probate proceedings of the Estate of Ella Shaff Feraut, Julien Feraut deeded a part of this realty to his son, Joseph, appellant herein, purporting to convey to him the title in fee, and making no reference to a mortgage which covered the entire tract. This deed was recorded on March 7, 1935, and thereafter on May 22, 1935, filed among the papers in the case of Ella Shaff Feraut. Julien Feraut also signed, but did not acknowledge, a deed to the remaining portion of the real property in question to George I. Lewis, as trustee for Tessie Feraut, his daughter, "subject to all valid mortgages . . . and . . . proceedings of the Probate Court . . . now administering said real property left me by the will of my deceased wife". This deed was never recorded, but was filed among the papers in the Estate of Ella Shaff Feraut on May 22, 1935.

Julien Feraut died intestate, and Joseph Feraut and Tessie Feraut Sackett, his son and daughter, were appointed administrator and administratrix, respectively, of his estate.

Although both applicants qualified, Joseph took no active part in the administration of the estate, and the administration was carried on by the administratrix.

After the death of Julien Feraut, leaving the administration of the estate of his deceased wife uncompleted, Tessie Feraut Sackett petitioned for, and was appointed administratrix with the will annexed of the Estate of Ella Shaff Feraut, deceased. Thereafter she filed an inventory and appraisement of all of the property coming into her hands as administratrix with the will annexed, and included therein the property here in controversy.

Thereafter, the Estate of Ella Shaff Feraut being considerably indebted, Joseph Feraut petitioned the probate court that the administratrix be directed to borrow on the assets of the estate an amount sufficient to pay off the indebtedness. This petition was denied, but thereafter the real property of the estate, including the property here involved, was by the court directed to be sold. Objections upon technical grounds were urged by Joseph Feraut to the confirmation of sale, and an attempted appeal was taken, but the appeal was dismissed by this court, and the sale confirmed and a deed given. No claim was made, however, that Joseph Feraut had any interest in the real property to be sold.

Thereafter a petition for final distribution was filed in the Estate of Ella Shaff Feraut asking that the residue of her estate be distributed as provided by law, and it was distributed into the Estate of Julien Feraut. No objection was made by appellant herein to the distribution of the proceeds from the sale of the real property into the Estate of Julien Feraut, although he claimed to be the owner of the real property, by virtue of a deed from Feraut to himself.

Thereafter, on March 21, 1938, distribution in the Estate of Julien Feraut was made, one-half to Joseph B. Feraut and one-half to Tessie Feraut Sackett. Again no objection was made until on September 8, 1938, Joseph B. Feraut petitioned for an order to amend the decree of final distribution made on March 21, 1938, in the estate of his father, distributing the estate, share and share alike, to Joseph B. Feraut and his sister, Tessie Feraut Sackett, it being the claim of petitioner that inasmuch as the deed from the father to him made no reference to any mortgage, while the deed to the daughter specifically referred to the mortgage and costs of

administration, that he should therefore have the proceeds from the sale of the property deeded to him, free of any mortgage or costs of administration. This petition was set for hearing for September 19th, and thereafter regularly continued from time to time until October 3, 1938, at which time the parties, represented by counsel, appeared and submitted the matter upon the records on file, the contents of which have been set forth above. Thereupon an order was made denying said motion, and from that order this appeal is taken.

Appellant contends that upon the sale of the real property, the proceeds therefrom remaining for distribution should have been distributed as the realty would have been had it passed under the deeds; he also claims to have relied upon certain statements made by the attorney for the administratrix, which promises, it is alleged, the administratrix failed to carry out, and therefore such failure should have been treated as constructive fraud, and also that a decree of distribution in probate is in the nature of a decree in equity, and upon timely distribution may be amended if the same had been improperly entered.

Several answers are suggested. The first is that the objection to the manner of distribution, or the rights of appellant in the real property cannot be determined in the Estate of Julien Feraut, but should have been presented in the Estate of Ella Shaff Feraut. All objections made in that estate were withdrawn before hearing, except as to certain moneys paid out, which are not here involved. This real property was devised by Ella Shaff Feraut to Julien Feraut. Before distribution to him he conveyed a portion to appellant. Upon his death his grantee stood by and permitted the property that had been given to him to be distributed to the Estate of Julien Feraut, and now, upon the final distribution, seeks to have set aside to him out of the cash on hand in the Julien Feraut estate, the value of the real property.

During all the stages of the administration of the Estate of Ella Shaff Feraut, deceased, appellant was represented by an attorney. If Julien Feraut had conveyed to him any property during his lifetime, as claimed by appellant, that transaction cannot be inquired into upon the distribution of his estate. The time to have asserted that claim was when the court was considering the interest that the Estate of Julien

Feraut had in the estate of his wife. That was not done. If there was a dispute as to any conveyance of the interest of the heir, the probate court is not the proper forum for the determination thereof. (*Parr* v. *Leyman*, 215 Cal. 616, 625 [12 Pac. (2d) 440]; *Chever* v. *Ching Hong Poy*, 82 Cal. 68 [22 Pac. 1081]; *Martinovich* v. *Marsicano*, 137 Cal. 354 [70 Pac. 459].)

Also, the probate court was without jurisdiction to grant the motion of appellant, having been made more than six months after the entry of the order of distribution. It is not sufficient that notice of the motion be given within the six months but the motion must be made and action requested prior to the expiration of six months. (*Wheelock* v. *Superior Court*, 67 Cal. App. 601 [227 Pac. 931]; *Estate of Hunter*, 99 Cal. App. 191 [278 Pac. 485].)

Some contention is made that the account or decree is admittedly in error as to an item of $25, and therefore the case must be reopened. A careful reading of the record convinces us that item has to do with the Estate of Ella Feraut, and not the Estate of Julien Feraut, deceased.

The order from which the appeal is taken must be affirmed. It is so ordered.

Thompson, J., and Tuttle, J., concurred.