[Civ. No. 13095.   First Dist., Div. Two.   June 17, 1946.]

CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO (a Corporation), as Trustee, etc., Respondent, v. THOMAS HORGAN, as Executor, etc., Appellant.

Richard Belcher and Lingenfelter & Powell for Appellant.

Chickering & Gregory for Respondent.

DOOLING, J.—Plaintiff, as trustee of a trust created by Patrick Guerin before his death, commenced this action against the defendant Horgan, as executor of the will of said

Patrick Guerin, for declaratory relief, praying that the court declare that defendant Horgan as such executor had no interest in the trust funds held by plaintiff as trustee. By answer defendant Horgan, as executor, raised the additional issue of the respective liabilities for the federal estate tax as between the plaintiff trustee and the defendant executor. The trial court by its judgment determined the issue of title in favor of the plaintiff trustee and further adjudged that the defendant Horgan, as executor, ''shall pay from the assets of the Estate of Patrick Guerin all of the Federal estate tax levied against said estate including all property held by plaintiff under said trust agreements.''

Defendant Horgan appeals from this judgment. On his appeal he presents only one argument, that the superior court in this action had no jurisdiction to determine that the burden of the federal estate tax should fall on the estate in the hands of the executor, but that jurisdiction of that question rests exclusively in the probate court.

In *Wells Fargo Bank & U. Tr. Co.* v. *Older*, 50 Cal.App.2d 724 [123 P.2d 873], a declaratory judgment placing the burden of the estate tax in a similar case was affirmed by this court, but the jurisdictional question here presented was admittedly not there raised or considered.

The federal estate tax ''took effect at the time of death and the tax became at once a lien on the property of the estate enforceable by sale, if not paid on proceedings in court.'' (*Page* v. *Skinner*, 298 F. 731.) Tax liabilities generally may be enforced by actions in the superior court against the personal representatives of the decedents (*People* v. *Olvera*, 43 Cal. 492; *Hancock* v. *Whittemore*, 50 Cal. 522; *County of Los Angeles* v. *Morrison*, 15 Cal.2d 368 [101 P.2d 470, 129 A.L.R. 443]) and the probate court is without jurisdiction to determine the right of a taxing body to collect a tax from the estate unless such jurisdiction is expressly conferred on it by statute (*Estate of Schneider*, 62 Cal.App.2d 463 [145 P.2d 90]).

The plaintiff trustee is a stranger to the estate. It is seeking to enforce for the benefit of the trust an obligation of the estate to pay the estate tax which accrued by reason of the transfer of the trust property to it by the decedent during his lifetime. Its claim against the estate that the full burden of the tax should fall on the estate is an adversary claim by a stranger to the estate of which the probate court has no jurisdiction and such an adversary claim can only be

adjudicated in an independent action in the superior court. (*McGee* v. *Allen,* 7 Cal.2d 468 [60 P.2d 1026] ; *Texas Co.* v. *Bank of America etc. Assn.,* 5 Cal.2d 35 [53 P.2d 127] ; *Parr* v. *Reyman,* 215 Cal. 616 [12 P.2d 440] ; *McCarthy* v. *McCarthy,* 205 Cal. 184 [270 P. 211] ; *Bauer* v. *Bauer,* 201 Cal. 267 [256 P. 820] ; *Estate of Howe,* 161 Cal. 152 [118 P. 515] ; *Martinovich* v. *Marsicano,* 137 Cal. 354 [70 P. 459] ; *Miller & Lux, Inc.* v. *Katz,* 10 Cal.App. 576 [102 P. 946].)

Since the testator's death the Legislature has expressly purported to give the probate court jurisdiction over the apportionment of the federal estate tax between the estate in probate and strangers taking title to other property of the decedent by transfers *inter vivos.* (Prob. Code, §§ 970-977.) Without regard to the constitutionality or possible effect of these new sections (matters which were argued in *Estate of Hotaling, ante,* p. 898 [170 P.2d 111], this day filed, but which we found it unnecessary to pass on in that case) it is sufficient to point out that the sections are only applicable "to the estates of persons dying after the effective date hereof." (Stats. 1943, p. 2740, § 2.)

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.