[No. 5029.]

## VICTOR MEYER v. P. N. ROTH AND EDMUND ROTH.

EVIDENCE OF A WITNESS'S TESTIMONY ON FORMER TRIAL.—If a witness is within this State so that process may compel him to testify, although out of the county where the case is tried, he is not "out of the jurisdiction" within the meaning of subdivision 8, of section 1870, of the Code of Civil Procedure, so as to permit his testimony given on a former trial to be received in evidence.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Action to recover on a written contract to pay for wool sold. One of the defenses was that the wool was not in a merchantable condition. The trial was in Los Angeles. On the trial, the plaintiff offered to read the evidence of one Vale, as taken down by the reporter on a former trial of the same case. The defendant objected because it had not been shown that the witness was deceased or out of the jurisdiction of the court. Thereupon the plaintiff proved that the witness then lived in San Jacinto, in the county of San Bernardino, whereupon the court overruled the objection. The reporter's notes were then read. The plaintiff recovered judgment, and the defendants appealed.

. Subdivision 8, of section 1870, of the Code of Civil Procedure, provides that evidence may be given upon the trial of the testimony of a witness given in a former action between the same parties, relating to the same matter, when the witness has died, or is out of the jurisdiction, or is unable to testify.

*Glassell, Chapman & Smith*, for the Appellants.

The words in subdivision 8, of section 1870, of the Code of Civil Procedure, "out of the jurisdiction" are a mere re-enactment of the common law rule in the very language of the authorities. Thus, Greenleaf says, "If the witness, though not dead, is out of the jurisdiction"—using the phrase as equivalent to "out of the State," or beyond seas. The most latitudinarian construction of the common law never went further. (1 Greenl. on Ev., sec. 163, note 2; 3

Phill. on Ev., note 209, p. 327 *et seq.*) The words " out of the jurisdiction" probably mean out of the jurisdiction of the State." (Pol. Code, secs. 33, 34, 54; *Finn* v. *Commonwealth*, 5 Rand, 701, 708.) But if they refer to the court, the meaning is the same, as its jurisdiction is co-extensive with the State.

*Hazard & Melveny*, for the Respondent.

By the COURT:

The reporter's notes of the evidence of the witness Vale, given at the former trial, should not have been admitted. It was shown that the witness was at the time of the trial a resident of the State, living in an adjoining county.

Conceding that he was beyond the reach of a subpœna, which does not clearly appear, this fact would not authorize the admission of this evidence. We construe the provision of the Code (subd. 8, sec. 1870, Code Civ. Proc.) as merely a repetition of the rule of evidence theretofore existing, and the words " a witness out of the jurisdiction," as meaning without the State, and so beyond the reach of any process of our courts compelling his testimony.

Judgment and order reversed and cause remanded for a new trial.