[L. A. No. 2818. Department Two.—October 11, 1911.]

In the Matter of the Estate of CORA C. HOWE, Deceased.

ESTATE OF DECEASED PERSON—DISTRIBUTION TO SUCCESSOR IN INTEREST OF HEIR—FACT OF CONVEYANCE DISPUTED—JURISDICTION IN PROBATE.—The provision of section 1678 of the Code of Civil Procedure, authorizing the court, upon the distribution of the estate of a deceased person, to distribute the share of heirs, legatees, or devisees to those who have received conveyances thereof, only applies where no question arises on distribution as to such conveyances having been made. When the fact of conveyance is in dispute, or where its validity or effect is an issue upon the distribution, the determination of that question is not a matter within the probate jurisdiction of the superior court.

ID.—EXECUTION PURCHASER OF INTEREST OF HEIR—DENIAL OF VALIDITY OF EXECUTION SALE—DISTRIBUTION SUBJECT TO RIGHTS OF ADVERSE CLAIMANTS.—Upon a proceeding for the distribution of the estate of a deceased person, where one claiming as an execution purchaser of the interest of an heir asks distribution to himself, and the heir raises an issue as to the validity and legal effect of such sale, and sets up a prior assignment of his interest to a third person, it is proper for the court in probate to refuse to determine such conflicting claims and to decree distribution to the heir, subject to the rights, if any, of the adverse claimants.

APPEAL from a decree of the Superior Court of Los Angeles County distributing the estate of a deceased person. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellants.

Porter & Sutton, for Respondent.

LORIGAN, J.—Edward T. Howe on July 10, 1908, was appointed administrator of the estate of the deceased, his wife, who died on June 4, 1908, the owner of certain lots of land in Los Angeles County, and leaving as her heirs at law said husband and two children.

On September 12, 1908, John A. Stanwood and others, as trustees of the Citizens' Co-operative Company, brought suit against said Edward T. Howe for debt, attached his interest in said lots, obtained judgment against him for $3382.85, and on execution sale John A. Stanwood purchased the interest of said Howe in the property of said estate for twenty-five hundred dollars.

On May 21, 1909, the Law Credit Company, a corporation, sued said Howe in the justices' court, obtained a judgment, and on August 6, 1909, filed a transcript thereof in the recorder's office of Los Angeles County.

On June 20, 1909, said Howe, as administrator, under order of the superior court, sold the said real estate for something over $15,300, and the sale was confirmed.

On May 26, 1910, said Stanwood and The Law Credit Company petitioned the court in the matter of said estate for an order requiring said Howe, as administrator, to file his final account, and prayed that on settlement thereof, an order distributing all the interest in said estate belonging to said Howe, as heir, be distributed to them as his successors in interest, alleging as a basis thereof their actions brought against said Howe, their judgments obtained, and the sale of his interest in the property of deceased to Stanwood, and the lien of the Law Credit Company thereon.

On June 10, 1910, said Howe filed his final account as administrator, accompanied by a petition for distribution, and on the same day filed his demurrer and answer to the petition of Stanwood and the Law Credit Company. His demurrer was subsequently overruled. His answer asserted the invalidity of the attachment in the suit by Stanwood and others, as trustees, and the invalidity of the judgment sale on execution; denied that certain real property, the proceeds of which Stanwood asked should be distributed to him, was sold under execution, and denied that the Law Credit Company had ever obtained any lien against said real property. He further set up an assignment made on April 28, 1909, of all his interest

as heir of the deceased to Charles C. Sutton as security for the payment of legal services and advancements made by the firm of Porter & Sutton.

In his final account, as far as its items are pertinent here, he credited himself with $622.75 for services as administrator, and with $805.09 as a portion of his distributive share of the estate paid by him as administrator to himself as heir, both items being credited on September 1, 1909. A balance of $834.41 was shown in the account to which he claimed he was entitled on distribution as a balance of his distributive share as heir, full payment to the other heirs of their full proportion of the estate being shown in the account. On September 26, 1910, after hearing on the settlement of the account and the petition for distribution and the objections of said Stanwood filed thereto leveled particularly against the items of $622.75, administrator's fees, and $805.09, advancement to himself as heir, for which said Howe asked credit in the settlement of the account, the court made its order and decree in the matter. In the decree the court set forth that said Stanwood claimed the balance of $834.41 in the hands of the administrator, and the $805.09 which the latter sought credit for as an advancement to himself as heir, by virtue of the attachment and sheriff's sale of the interest of said Howe in the property formerly belonging to the estate of said deceased, and that the claim of Stanwood was contested by said Howe and by Messrs. Porter & Sutton; that Stanwood and others, as trustees of the Citizens' Co-operative Company, claimed an interest in or lien upon the $622.75 paid by the administrator to himself as adminstrator's fees, under a garnishment served on Howe, as administrator, on March 5, 1910, which claim was contested by said Howe and by Messrs. Porter & Sutton; that said Porter & Sutton claimed an interest in all said moneys under an assignment thereof made to them on April 28, 1909, by said Howe, which claim is contested by said Stanwood and others as said trustees. The court then determined that sitting as a court of probate it had no jurisdiction to determine the validity of the claims of said Howe, John A. Stanwood, John A. Stanwood and others, as trustees, and Messrs. Porter & Sutton to the interest of said Howe in the estate of his deceased wife, and ordered that the petition of Stanwood praying for the distribution to himself of the interest of said Howe

in the estate be dismissed and denied without prejudice to his right to assert his claim to the moneys remaining in the hands of the administrator in a proper action and in the proper court. The court then ordered that the final account as presented be allowed and approved "excepting as to the item of $622.75 paid by said administrator to himself as administration fees in the settlement of said estate on the 1st day of September, 1909, and excepting as to the sum of $805.09 paid by said administrator to himself as an heir, on the 1st day of September, 1909, the amounts of which items are hereby found to be correct; but the right of said administrator to make said payments is not determined because of the conflicting claims thereto of said Edward T. Howe, John A. Stanwood, John A. Stanwood et al., trustees for said Citizens' Co-operative Company, and Messrs. Porter & Sutton; that the payment of $622.75 by said administrator to himself, as commissions on the settlement of said estate, is ratified and approved, subject to the rights, if any; of John A. Stanwood, John A. Stanwood et al., trustees of the Citizens' Co-operative Company, and Messrs. Porter & Sutton; that the sum of $838.41 cash on hand as shown by said account and said sum of $805.09, advancement made to said Edward T. Howe, making together the sum of $1643.50, be, and the same is hereby distributed to Edward T. Howe, subject to the rights, if any," of all the last named parties.

This appeal is taken by John A. Stanwood and John A. Stanwood and others, as trustees of the Citizens' Co-operative Company, from the said decree settling the account and ordering distribution.

It is insisted by appellants that the sale of the real property belonging to the estate of Cora C. Howe, deceased, to Stanwood on October 6, 1909, based on the attachment levied on September 12, 1908, transferred and conveyed to Stanwood the interest of Howe as heir in the property of the estate, subject to the payments of debts thereof, and that the interest of Howe in the estate as of the date of the levy of the attachment and under the execution sale based on it, should have been distributed to appellants under section 1678 of the Code of Civil Procedure which provides that distribution of an estate may be made although some of the original heirs, legatees or devisees may have conveyed their shares to other per-

sons "and such shares must be assigned to the persons holding the same in the same manner as they otherwise would have been to such heirs, legatees, or devisees"; that the sale by the sheriff of the interest of Howe in the property of the estate on execution had the same effect as a conveyance made by the judgment debtor which would have entitled appellants to have had the interest of Howe distributed to them in kind if the property had not been sold and though the real property was sold under probate sale still the proceeds were subject to the lien of the attachment and execution and appellants were entitled to have the share of Howe in such proceeds distributed to them.

But assuming that the certificate of sale of the interest of Howe in this real property, which is all that appellants held at the time of distribution, was equivalent to a conveyance by the judgment debtor Howe, we do not perceive that appellants were entitled to any other consideration under the decree than the court gave them. The court sitting as a court of probate simply refused for want of jurisdiction to determine the disputed and conflicting claims to the interest of Howe between appellants and Howe and Porter and Sutton, remitting the former to a court of competent jurisdiction where they could assert their rights to the interest of Howe in the estate, and while settling the accounts of the administrator as to the amounts to which appellants asserted their claims and ordering distribution to Howe, made such approval and distribution subject to the rights of appellants.

While section 1678 relied on by appellants authorized the court to distribute the share of "heirs, legatees, or devisees" to those who have received conveyances thereof, this section only applies where no question arises on the distribution as to such conveyances having been made. When, however, the fact of conveyance is in dispute or where its validity or effect is an issue upon the distribution, the determination of that question is not a matter within the probate jurisdiction of the court. As said in *Martinovich* v. *Marsicano*, 137 Cal. 354–356, [70 Pac. 459]: "'Matters of probate' include the ascertainment and determination of the persons who succeed to the estate of a decedent, either as heir, devisee or legatee, as well as the amount or proportion of the estate to which each is entitled and also the construction or effect to be given to the

language of a will, but do not include a determination of claims against the heir or devisee for his portion of the estate arising subsequent to the death of the ancestor, whether such claim arises by virtue of his contract or *in invitum;* nor is the determination of conflicting claims to the estate of an heir or devisee or whether he has conveyed or assigned his share of the estate a 'matter of probate.'"

In the matter at bar a question of the validity of the attachment proceedings under which appellants claim to have acquired the interest of said Howe in the estate of the deceased was raised, as well as the effect of the execution and transfer of any interest by Howe in the estate, and what portion of the property of the estate in which he had an interest was sold under the execution, it being alleged, as we understand the answer of Howe, that one half in value of the real property of the estate had been sold under order of sale of the court long before the entry of judgment against him in either the Stanwood suit or the Law Credit Company case, and the rest was not sold under the execution at all, while appellants claim that the interest of Howe in all the real property of the estate was attached and sold under the execution. In addition is the claim by Porter & Sutton of an assignment by Howe to them of all his interest in the estate long prior to the alleged sale under execution. All these matters would necessarily have to be settled before it could be determined who of the claimants, if any of them, had acquired the interest of Howe in the estate. While these matters might have been of ready solution, the court in a strictly probate proceeding, could not determine them and properly remitted appellants to a court of competent jurisdiction wherein in a proper action these conflicting claims might be settled, while at the same time by its decree the probate court secured their rights while being asserted as far as it possibly could.

The decree appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.