[Civ. No. 3713.   Third Appellate District.—February 14, 1929.]

In the Matter of the Estate of WILLIAM F. GREGSON, etc., Deceased. MARY ALICE GANN et al., Appellants; MARY A. GREGSON, as Administratrix, etc., Respondent.

A. H. Carpenter for Appellant.

George E. Frioux for Respondent.

PLUMMER, J.—This is an appeal from a decree of distribution awarding all the property of the deceased to Mary A. Gregson, the surviving wife.

The record shows that William F. Gregson died intestate in the county of San Joaquin, on or about December 3, 1926, leaving as his widow Mary A. Gregson, and the following children by a former marriage: Mary Alice Gann, J. Henry Gregson, William A. Gregson, and Carrie Katberg. The record likewise shows that the estate left by the deceased was all community property of himself and his surviving wife, and was of a value less than ten thousand dollars. The widow declining to act as administratrix, nominated D. F. Mackey, who was thereupon appointed by the court to act as administrator.

The record shows that some time after the death of William F. Gregson, deceased, a writing relative to the distribution of the property of the estate of said deceased was signed

by the widow and the children of the deceased herein named. After certain preliminary recitals, which are not necessary to set forth herein, the agreement provides that there shall be distributed "to Mary A. Gregson, surviving wife of said deceased, that certain lot, piece or parcel of land situate in the City of Stockton, County of San Joaquin, State of California, bounded and particularly described as follows, to-wit": (Here follows description of the real estate.) The writing then provides further distribution as follows: "All the residue of said estate, of whatever kind and nature, shall be distributed, one-half to Mary A. Gregson, and the other half, in equal shares, to Mary Alice Gann, J. Henry Gregson, William A. Gregson and Carrie Katberg, surviving children of said deceased." Upon petition of the administrator of the estate, the whole thereof was distributed to Mary A. Gregson, the surviving wife. From this decree of distribution the children appeal.

The record shows, without controversy, that the whole of the estate consisted of community property of the said William F. Gregson, deceased, and his surviving wife, Mary A. Gregson, and that under the provisions of section 1401 of the Civil Code, vested in the surviving wife.

The controversy in the trial court arose over the validity of the writing to which we have referred. The respondent admits that the authorities cited by the appellants relative to contracts, agreements, and conveyances between heirs, correctly states the law, but contends that none of them are pertinent to this case. With this contention we must agree. The contract shows upon its face that no consideration passed from the children to Mary A. Gregson; the record likewise shows that no consideration was paid by the children or given by the children to Mary A. Gregson, as a basis for the transfer of any part of her interest in said estate to the appellants. Section 1550 of the Code of Civil Procedure requires that every contract must be supported by a consideration. In the case at bar the writing has for its support neither a good nor a valuable consideration. It may be further added that while section 1678 of the Code of Civil Procedure authorized distribution to assignees this section applies only when the assignments or conveyances are admitted and there is no dispute as to their validity. The record shows that the validity of the writing in this case

was disputed in the court below. In such case resort must he had to the proper tribunal. (12 Cal. Jur. 191; *Estate of Howe*, 161 Cal. 152 [118 Pac. 515]; 24 Cal. Jur. 524; 12 Cal. Jur. 206.) That a want of consideration renders a contract unenforceable, see 6 Cal. Jur. 166, sec. 115.

The judgment of the trial court is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1929.

All the Justices concurred.