[L. A. No. 14564. In Bank.—October 31, 1934.]

In the Matter of the Estate of JEAN CAZAURANG, Deceased. MARIE LEES, Appellant, v. ROBERT P. CARREY et al., Respondents.

A. G. Reily for Petitioner and Appellant.

Gray, Cary, Ames & Driscoll in Opposition to Motion.

CURTIS, J.—Motion for substitution of attorneys. Petitioner has moved this court in the matter of an appeal pending herein for a substitution of A. G. Reily as attorney in the place and stead of her present attorneys, Gray, Cary, Ames & Driscoll. Her affidavit contains a long recital of alleged grievances not necessary to here repeat. The attorneys of record have filed herein affidavits and exhibits in opposition to the motion for substitution of attorneys herein, apparently with the idea of refuting the charges contained in the papers filed by petitioner. We are not at liberty to

weigh the reasons which may have prompted petitioner to ask for a change of her attorneys. Our only duty is to pass upon her legal right to make such change.

■ By section 284 of the Code of Civil Procedure, petitioner is given the right to change her attorneys at any stage in the action unless the attorney has a vested interest in the subject matter of the litigation. This right of discharge exists though a contingent fee has been agreed upon, or an irrevocable power of attorney has been given. The fact that said attorney has performed labor and expended money for and in behalf of the client does not change the rule. (*Gage* v. *Atwater*, 136 Cal. 170, 172 [68 Pac. 581]; *Woodbury* v. *Nevada etc. Ry. Co.*, 121 Cal. 165 [53 Pac. 450]; *Todd* v. *Superior Court*, 181 Cal. 406 [184 Pac. 684, 7 A. L. R. 938]; *Scott* v. *Superior Court*, 205 Cal. 525 [271 Pac. 906].) The reason for the rule is well stated in *Gage* v. *Atwater, supra,* wherein the court said: "In the absence of any relation of the attorney to the subject-matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action. The interest of the client in the successful prosecution or defense of the action is superior to that of the attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest. The relation between them is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity or the judgment or the capacity of the attorney."

■ The attorneys of record, however, are of the opinion that their contract of employment with petitioner and the assignment by her of an "undivided thirty per cent. (30%) of all my right, title and interest in, to and of the estate of the above named decedent", creates in them a power coupled with an interest in the subject matter of the action, and that by reason of this interest petitioner may not substitute them out of the case. The exact language of the agreement, pertinent to the present motion is as follows:

"NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

"1. First party (petitioner) hereby employs second party as her attorneys to represent her in connection with any and all proceedings for the recovery on behalf of first party of any and all property or things of value to which she may

be legally entitled as legatee under the said will of said decedent, or otherwise.

"2. As consideration for the professional services to be rendered by said attorneys, first party agrees and hereby binds herself, her heirs and legal representatives, to pay second parties, their heirs and legal representatives, a fee equal in amount to thirty per centum (30%) of the value of whatever sums of money or property, or evidences of indebtedness, or securities, or other things of value which may be awarded to first party, her heirs or legal representatives, either by judgment or decree, or by compromise or settlement, from the estate of Jean Cazaurang, deceased; said amount of thirty per centum (30%) to be computed upon the net amount of money or property, or other things of value which may be distributed to said first party, her heirs or legal representatives, after deducting therefrom all taxes, fees, charges and court costs levied or imposed upon her said interest.

"3. First party does by these presents, assign, transfer and set over to said attorneys, a thirty per centum (30%) interest in and to such portion of the estate of Jean Cazaurang, deceased, as said first party now has or hereafter may acquire; provided, however, that there shall be first deducted from the interest of the said first party, her heirs or legal representatives, all taxes fees, charges and court costs.

"4. It is mutually understood and agreed by and between the parties hereto that said attorneys shall have control of the prosecution of said claim to final determination. . . .

"5. It is further understood and agreed that in no event shall first party sell, assign, transfer, compromise or otherwise encumber or dispose of said claim or any part thereof without the written consent of the attorneys, nor revoke, or abridge, the rights and powers of the attorneys hereunder, and this agreement shall not be affected in any particular by any revocation of the authority conferred upon said attorneys, nor by any services rendered or which may be rendered by other attorneys or by the first party.

"6. It is likewise understood and agreed that second parties have the power to compromise or settle the claim of first party, with power to receive and receipt for any deed, negotiable instrument, security or other thing of value, which

may be issued in settlement of said claim, and to indorse, deposit and collect in the name of the first party any check or draft, certificate of stock or promissory note, which may be received in said settlement, and to receive and retain from the proceeds of the same the amount of the fee herein stipulated to be paid.

"7. Second parties agree to diligently prosecute said claim to its final determination to the best of their professional ability."

The assignment upon which the attorneys place considerable reliance reads in part as follows: "I, Marie Lees, for valuable consideration, do hereby grant, bargain, sell, assign, transfer and set over unto E. W. Brewer, Jr. and Gordon Gray, Walter Ames and J. G. Driscoll, Jr. attorneys at law, an undivided thirty per cent. (30%) of all my right, title and interest in, to and of the estate of the above-named decedent, and I do hereby authorize the Superior Court of the State of California, in and for the County of San Diego, to make distribution to said attorneys of said undivided interest in and to all the property of said estate and interest in property of said estate to which I would, but for this assignment, be entitled. To Have And To Hold The Same unto the said E. W. Brewer, Jr. and Gordon Gray, Walter Ames and J. G. Driscoll, Jr., their heirs, executors, administrators, and assigns forever."

Despite the language of said contract and assignment, evidently framed with the idea in mind and for the express purpose of creating a power coupled with an interest which would render said employment as attorneys irrevocable, we are of the opinion that petitioner herein is entitled to an order of substitution. In the case of *Todd* v. *Superior Court, supra,* and *Scott* v. *Superior Court, supra,* contracts of employment and assignments similar in purport although not identical in language with those of the instant case, were held to be ineffectual to create a power coupled with an interest, and in both of those cases substitution of attorneys was granted.

In *Scott* v. *Superior Court, supra,* the assignment contained the following language: "Know All Men By These Presents that Marion Scott . . . does by these presents grant, bargain, sell, assign, transfer and set over unto the said party of the second part, one-half of the net recovery of all

money and property received by said party of the second part from the above named estate." The court in a careful analysis of the legal effect of the contract of employment and assignment held that the interest which the attorney gained by virtue of said assignment in the money and property secured for his client, a part of which he was to get as compensation for his services, was "an interest in that which was to be produced by the exercise of his power as attorney for his client, and did not amount to an interest in 'the subject of the agency' within the meaning of section 2356 of the Civil Code", which acts to prevent the revocation by the principal of the power of any agency coupled with an interest in the subject of the agency.

We can see no difference in the legal effect of the contract of employment and assignment in the above cases and the contract of employment and assignment involved herein. In each case the assignment was given as security for the payment of the contingent fee and for reimbursement only and in neither case was there any relation of the attorney to the subject matter of the action, other than that arising from his employment. While there may be considerable doubt as to the wisdom of the petitioner in seeking such substitution inasmuch as it is possible that she may ultimately, by reason of several substitutions of attorneys, find herself in the position of having transferred and assigned away to the respective attorneys all of her right, title and interest in said estate as contingent fees, nevertheless she is entitled as a matter of right to such substitution. ▮ As the appeal is now pending in this court, this is the proper forum in which to seek substitution. (*Jacobus* v. *Jacobus,* 208 Cal. 562, 563 [282 Pac. 796].) The substitution, however, will only affect the matters involved in the proceeding here on appeal, and if she desires substitution in other matters, it will be necessary for her to seek an order of the court in which such matters are pending.

It is, therefore, ordered that A. G. Reily be substituted as attorney of record for petitioner herein in the proceeding involved in this appeal in the place and stead of the firm of Gray, Cary, Ames & Driscoll.

Seawell, J., Langdon, J., Preston, J., and Waste, C. J., concurred.