[Civ. No. 11457.   Second Appellate District, Division Two.—July 28, 1937.]

CITY OF LOS ANGELES (a Municipal Corporation) et al., Plaintiffs, v. JUNE KNAPP et al., Respondents; HOWARD TOMLINSON, Appellant.

George L. Hampton and W. W. Middlecoff for Appellant.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

McCOMB, J.—This is an appeal from an order denying appellant's motion to require the clerk of the superior court to pay appellant $875 on deposit in an interpleader suit entitled *City of Los Angeles* v. *Knapp*.

The material facts are these:

Appellant through mesne assignments became entitled to the sum of $875, which sum had been previously assigned to W. W. Middlecoff for attorneys' fees in a condemnation action and deposited with respondent clerk in an interpleader action entitled *City of Los Angeles* v. *Knapp*. In this latter action our Supreme Court decided that appellant was entitled to the aforesaid sum. Thereafter N. F. Weston filed an action against W. W. Middlecoff, obtained the issuance of a writ of attachment, and served a garnishment on respondent clerk, attaching the property of W. W. Middlecoff standing in his name or that of appellant, whereupon respondent clerk refused to pay petitioner the sum in question.

Subsequently appellant obtained an order to show cause in the interpleader action, *City of Los Angeles* v. *Knapp* (a case in which N. F. Weston, the plaintiff in the attachment suit was not a party) directed to respondent clerk to show cause why he should not be required to deliver said sum of $875 to appellant. At the hearing of this motion the trial court refused to determine the title to the sum in dispute.

These are the questions presented for our determination:

*First: Was the fund on deposit in the interpleader action in custodia legis and subject to garnishment?*

*Second: Did the trial court properly refuse to determine title to the fund in dispute on an order to show cause issued in an action wherein the attaching creditor was not a party?*

The first question must be answered in the affirmative.

The general rule is that property *in custodia legis* is not subject to garnishment. An exception to this general rule is: If a party has a right to a certain distributive share of a fund *in custodia legis*, the officer having custody of the fund may be effectually garnished by a creditor of the party

entitled to such fund. (*Dunsmoor* v. *Furstenfeldt*, 88 Cal. 522, 527 [26 Pac. 518, 22 Am. St. Rep. 331, 12 L. R. A. 508].)

In the instant case technically the fund in dispute was *in custodia legis*. In view of the fact that at the time of levy of the writ of attachment the litigation in the interpleader suit (*City of Los Angeles* v. *Knapp*) had ended and nothing remained to be done but for respondent clerk to deliver to appellant the sum of money in his possession, the facts in the instant case bring it within the exception to the general rule stated above, and the fund was subject to garnishment by the creditors of the owner of the fund. (*Youtz* v. *Farmers etc. Nat. Bank,* 31 Cal. App. 370, 373 [160 Pac. 855].)

The second question must be answered in the affirmative. N. W. Weston, the attaching creditor, was not a party to the action, *City of Los Angeles* v. *Knapp,* the case in which appellant was endeavoring to have the title to the disputed fund determined. A person's title to property may not be determined in an action to which he is not a party. Appellant's remedy is by intervening in the action pending between N. W. Weston and W. W. Middlecoff. (*Tomlinson* v. *Lampton,* 18 Cal. App. (2d) 671 [64 Pac. (2d) 443, 66 Pac. (2d) 151].)

For the foregoing reasons the order is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 14, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1937.