[Civ. No. 12659.   First Dist., Div. Two.   July 11, 1944.]

Estate of ANDREW LUND, Deceased. FRANK LUND, Appellant, v. M. E. HANLON, Respondent.

Simeon E. Sheffey for Appellant.

Robert E. Hatch for Respondent.

SPENCE, J.—Appellant Frank Lund, as an heir and a person entitled to take under the will of the deceased, filed an instrument entitled "Petition Pursuant to Section 1020.1 of the Probate Code." He alleged therein that he was entitled to one-half of the estate of the deceased; that respondent Hanlon asserted a claim to one-third of the share of appellant which claim was denied by appellant; and he prayed that the probate court inquire into the claim of respondent and adjudge that respondent had no right, title or interest in the estate or in the share of appellant. Respondent answered by alleging that appellant had executed an agreement in writing whereby appellant had assigned to respondent a one-third interest in appellant's share; and respondent prayed that said one-third interest be distributed to respondent. The probate court filed its findings of fact and conclusions of law and decreed that respondent was entitled to have distributed to him the sum of $1,000 out of appellant's share of the estate. This amount was substantially less than one-third of appellant's share but no appeal has been taken by respondent. Appellant has taken this appeal from said decree upon the judgment roll.

Section 1020.1 of the Probate Code, enacted as a new section in 1941, reads as follows:

"The court before making distribution of any property of a decedent to any assignee or transferee of any heir, devisee or legatee or before making distribution to any person other than an heir, devisee, or legatee pursuant to any agreement, request or instructions of any heir, devisee or legatee or of any attorney-in-fact of any heir, devisee or legatee may on the motion of any person interested in the estate or on the motion of the public administrator or on its own motion inquire into the consideration for such assignment, transfer, agreement, request or instructions and into the amount of any fees, charges, or consideration paid or agreed to be paid by the heir, devisee or legatee and into the circumstances surrounding the execution of such assignment, transfer, agreement, request or instructions and if it finds that the fees, charges or consideration paid by any such heir, devisee or legatee is grossly unreasonable or that any such assignment, transfer, agreement, request or instructions was obtained by duress, fraud or undue influence it may refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable. . . ."

At the time of the enactment of said section, sections 530, 530.1 and 1201a of the Probate Code, which had been enacted in 1939, were repealed. (Stats. 1941, p. 2893, ch. 1162.) Said section 1020.1 and the former section 530.1 appear to have been enacted in an attempt by the Legislature to give the probate court some control, at least for the purpose of distribution, over agreements providing compensation for services of so-called "heir-hunters." The present section purports to permit the probate court, upon motion of an interested person or upon its own motion to "inquire into the consideration" for any assignment by an heir, devisee or legatee and "into the amount of any fees, charges, or consideration paid or agreed to be paid by the heir, devisee or legatee and into the circumstances surrounding the execution of such assignment." It then provides for certain alternative findings which may be made. The probate court may find either (1) that such assignment was obtained by "duress, fraud or undue influence" or (2) that "the fees, charges or consideration paid by any such heir, devisee or legatee is grossly unreasonable." It is then provided that upon the making of either finding the court "may refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable."

The anomalous nature of section 1020.1 is at once apparent. Prior to the enactment of said section and its forerunner, the probate court had no jurisdiction to determine the issue of the validity of an assignment upon the distribution of an estate. (*Estate of Howe,* 161 Cal. 152 [118 P. 515].) This section apparently attempted to give the probate court jurisdiction to determine that issue, at least for the purpose of distribution. It further attempted to give the probate court jurisdiction, assuming the validity of the assignment, to determine the question of the reasonableness of the compensation, at least for the purpose of distribution. We are not called upon here, however, to determine the numerous questions which may arise with respect to said section. Appellant invoked its provisions and respondent is not complaining of the decision of the probate court. In other words, neither party claims that the section is invalid. Respondent did not appeal and cannot complain on this appeal of the refusal of the probate court to distribute the estate in strict accordance

with the terms of the assignment. We will therefore assume solely for the purpose of this discussion that the section is valid.

If it may be said that the section is anomalous in nature, the pleadings and findings herein are equally anomalous. Appellant alleged neither that the assignment was obtained by "duress, fraud or undue influence" nor that the charges were "grossly unreasonable." Appellant's petition contained allegations more in the nature of a complaint to quiet title to his share in the estate. Similarly the findings of fact contain no findings conforming precisely to the findings contemplated by said section. The probate court made extensive findings but we need set forth only the portions thereof which are material on this discussion. Finding VI recites, "That the signature of Frank Lund to said document was obtained under circumstances that warrants this court, in the exercise of its equity powers herein, to set aside and refuse to make distribution, pursuant to said document." Finding VIII recites, "Upon the petition and at the request of said Frank Lund, the court has invoked its powers prescribed by Section 1020.1 of the Probate Code of the State of California, and refuses to make distribution to or on behalf of M. E. Hanlon, pursuant to the terms of said document hereinabove set forth; that the court taking into consideration all the circumstances, and the fact that he was the first to inform Frank Lund, that he had some money coming from somewhere, and the probability that Frank Lund might never have found out about his father's estate, if it had not been for M. E. Hanlon, and the fact that his sister, Lillian Blanche Imel, her agents or attorneys never made any attempt to find him and it was to her advantage if he were not found, the court finds that M. E. Hanlon rendered a service to Frank Lund; the court finds that the service rendered by M. E. Hanlon is of the reasonable value of One Thousand Dollars ($1000.00)." From these findings, the court concluded that respondent was entitled to receive said sum of $1,000 as the reasonable value of his services and that "all decrees of distribution in the matter of this estate shall be in accordance with the foregoing conclusions of law." A "Decree under Section 1020.1 Probate Code," was entered accordingly.

Appellant argues that the probate court "was warranted in setting the document aside"; that "when the document

was so set aside, respondent had no interest in the estate'';
that the probate court erred in permitting a recovery upon
a quantum meruit which was a recovery upon a cause ''not
within the issues of the pleadings''; and that in any event,
respondent could not recover upon a quantum meruit as the
services performed in locating appellant were not performed
at appellant's request. We believe appellant's argument ignores
the nature of said code section which merely permits the pro-
bate court to ''refuse to make distribution pursuant thereto
(the assignment) except on such terms as it deems just and
equitable.'' We believe further that appellant's argument is
based upon the false premise that the probate court ''set
aside'' the document in its entirety and for all purposes and
permitted a recovery upon a quantum meruit.

█ It is elemental that the probate court is a court of spe-
cial and limited jurisdiction and that it has jurisdiction only
to the extent that the law prescribes. █ As we read sec-
tion 1020.1 of the Probate Code, it does not purport to grant
to the probate court general jurisdiction to ''set aside'' an
assignment in its entirety and for all purposes. It merely
purports to grant to the probate court the limited jurisdic-
tion, under certain circumstances, to ignore the assignment
in whole or in part for the purposes of the distribution of
the estate. █ In this proceeding in which appellant in-
voked the provisions of said section, appellant was granted
relief to the extent that the probate court ignored the assign-
ment in part for the purpose of distribution. In other words,
it recognized the assignment of appellant's interest only to
the extent of $1,000. This sum was found to be the reason-
able value of respondent's services and, on this appeal upon
the judgment roll, we must assume that there was ample evi-
dence to sustain that finding. Despite the informality of the
pleadings and findings, we are satisfied that this finding is
sufficient to support the decree against the attack made by
appellant. While the probate court recited in its findings that
circumstances warranted it ''to set aside and refuse to make
distribution pursuant to said document,'' it did not decree
that the assignment be ''set aside'' and its jurisdiction ex-
tended only to the refusing, as it did, to make distribution
to the extent specified in the document. We are of the opinion
that the finding using the words ''set aside'' must be inter-
preted in the limited sense of setting aside or ignoring the

document only insofar as it prescribed the amount of compensation and that, as so interpreted, the probate court acted in the manner contemplated by the section in that it acted upon the agreement of the parties but gave said agreement force and effect, for the purposes of distribution, not according to its precise terms but only to the extent of awarding reasonable compensation for respondent's services for which appellant had agreed to pay a larger amount. In view of these conclusions, we find no merit in appellant's argument that the probate court "set aside" the document and permitted a recovery upon a quantum meruit.

In conclusion, we desire to emphasize the fact that no question has been raised concerning the validity of the section under consideration. We desire to state further that no question has been raised concerning the validity generally of agreements providing compensation, by assignment or otherwise, for the services of so-called "heir hunters." We are therefore not called upon to pass upon either of said questions.

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.