75 Cal.App.2d 217 (1946)
Estate of JEAN CAZAURANG, Deceased. MARIE LEES THOMAS, Petitioner and Appellant,
v.
GORDON GRAY et al., Respondents and Appellants; JAMES T. PHILLIPS, Respondent.
Civ. No. 3375. 
California Court of Appeals. Fourth Dist. 
July 1, 1946.
 Marion P. Betty, Joseph D. Taylor and Porter C. Blackburn for Petitioner and Appellant.
 Gray, Ames & Driscoll, in pro. per., and for Respondents and Appellants.
 James T. Phillips, in pro. per., for Respondent.
 GRIFFIN, J.
 Some phases of this estate have been heretofore presented to our courts. (Estate of Cazaurang, 1 Cal.2d 712 [36 P.2d 1069]; Estate of Cazaurang, 69 Cal.App.2d 1 [158 P.2d 48].) A reference thereto will more adequately present the background of the present proceeding. Marie Lees Thomas, appellant and respondent, hereinafter referred to as appellant, was named as the recipient of 90 per cent of the estate of Jean Cazaurang, deceased, under an olographic will, which will was contested but finally admitted to probate over two other wills.
 Respondents (A) the law firm of Gray, Ames & Driscoll, *219 and E. W. Brewer, Jr., and respondent (B) James T. Phillips, an attorney at law, asserted their claims to 30 per cent and 2 per cent respectively of appellant's interest in that estate, by filing in the estate proceedings two written assignments executed to them by appellant. They then demanded that the court distribute to them through the decree of distribution the said portions of appellant's share of the estate so assigned. Several similar issues with regard to other assignments were tried at the same time. The assignment dated July 30, 1930, was for legal services to be performed and read in part as follows:
 "That I, Marie Lees, ... do hereby ... assign, transfer and set over unto E. W. Brewer, Jr., and Gordon Gray, Walter Ames and J. G. Driscoll, Jr., attorneys at law, an undivided thirty per cent. (30%) of all my right, title and interest in, to and of the estate of the above named decedent, and I do hereby authorize the Superior Court ... to make distribution to said attorneys of said undivided interest. ..."
 Respondent (B's) claim is based on a similar but later assignment dated October 23, 1931, by which appellant assigned to him and to whom the court accordingly awarded 2 per cent of appellant's distributive share. E. W. Brewer, Jr., died in March, 1932, and Dorothy Richardson was appointed administratrix of his estate.
 Respondents (A) have appealed from the entire decree but complain about that portion awarding them only 15 per cent instead of 30 per cent of appellant's interest in her distributive portion of the estate. Appellant has appealed from that same portion of the decree and also that portion awarding James T. Phillips 2 per cent of her distributive share.
 The controversy in this case arises out of a period of litigation that has gone on for more than fifteen years. Jean Cazaurang was murdered in June, 1929. After his death three wills were produced. The first in point of time (June, 1927) made Marie Lees (Thomas) the principal beneficiary. To this will was attached a codicil dated February 2, 1929. The second will purported to leave the bulk of the estate to the widow (Marie Cazaurang). It was executed subsequent to the June, 1927, will, but prior to the date of the execution of the codicil. The third will devised the entire estate, in equal shares, to Mrs. Cazaurang, and to an attorney named Carrey. It was dated subsequent to the date of the execution of either of the prior wills and also the date of the codicil. Mrs. Thomas (nee *220 Lees) consulted several attorneys in regard to her rights. The first attorney agreed to handle her case for a 45 per cent interest in any recovery. Subsequently, another attorney was associated and their fee was cut to 30 per cent. On the contest of the Carrey will another attorney in San Diego was associated and their joint interest was increased to 35 per cent. After a trial by jury the Carrey will was set aside but a new trial was later granted. An appeal was perfected and a settlement was under consideration. Miss Lees became dissatisfied with her attorneys and on July 30, 1930, retained respondents (A) under the agreement above mentioned. By agreement, the former attorneys accepted an assignment of 17 1/2 per cent in lieu of their 35 per cent interest, and were substituted out of the case. Respondents found themselves faced by an action filed by Mrs. Cazaurang to enjoin the probate of the Carrey will and the Lees will. This action was determined successfully to appellant on December 16, 1931. For several years thereafter respondents studied the problems presented and the question of establishing the Lees will over the Mrs. Cazaurang will and prepared for a new trial. Many consultations were had and the record discloses considerable legal problems that were handled by respondents in connection with the estate. Negotiations for settlement were still progressing. Appellant became anxious about the proceedings and employed respondent Phillips to advise her and check up on what was being done by respondents (A). Subsequently (in 1933) she employed another attorney, and in 1934, she moved to substitute him in place of respondents (A). (See Estate of Cazaurang, 1 Cal.2d 712, supra.) The court there held that it had no power to weigh the reasons for a change of attorneys and that she had the right to make such a change unless the attorneys had a vested interest in the subject matter, even though a contingent fee had been agreed upon. It also held that the contract and assignment here involved were ineffectual to create a power coupled with an interest, as the interest and assignment were given as security for the payment of the contingent fee and reimbursement only, and such interest arose only from their employment.
 Shortly thereafter, respondents were substituted out of the estate matter. Miss Lees quarreled with her then attorney and another attorney was employed who took a 50 per cent assignment of her interest and after five or six years, succeeded in probating the Lees will and brought the estate into condition for distribution. *221
 On May 26, 1941, appellant, after being appointed general administratrix with the will annexed, filed her final account and petition for distribution, in which she asked that the court refuse to recognize any assignments made by her except the one made for her present attorney. On June 5, 1941, respondents filed objections to the petition and set up their assignments. On July 2, 1941, appellant filed a petition for disapproval of respondents' assignments under sections 530, 530.1 and 1201a of the Probate Code.
 The petition contained five counts, all based on alleged negligence of respondents in conducting her affairs resulting in a claimed loss to her. One count contained some allegations bordering on undue influence and alleged that respondents had repudiated the agreement under which the assignments were made by failing to property protect and prosecute to a successful conclusion the rights of the appellant.
 Notice of hearing the petition on July 18, 1941, was mailed on July 3, 1941. Answers to the petition were filed on July 8, 1941. The minutes of the court show that on July 7, 1941, councel for appellant "orally demanded trial by jury on petitions filed July 2nd, 1941" by appellant "for disapproval of assignment of distributive shares in estate." Objection was made thereto. After considerable argument the trial court, on July 9, 1941, denied the application for a jury trial. On December 30, 1941, the trial judge stated his findings in detail and rendered his decision in an oral opinion which was transcribed and incorporated in the record on appeal. A decree of distribution was signed on February 16, 1944, which included many findings set forth in the oral opinion and more fully described the allowances made to the several attorneys under their assignments, as well as the statutory fees and fees for extraordinary services.
 It is first argued by respondents in support of their appeal, that the lower court, sitting in probate, was without jurisdiction to do anything but to approve the assignment in full, and was not permitted to reduce the percentages therein specified. Appellant argues that sections 530.1 and 1201a of the Probate Code, in effect at the time of the hearing of the issues herein involved, as well as section 1020.1, were unconstitutional and void so far as they attempted to confer jurisdiction of such controversies upon the probate court.
 In Estate of Lund, 65 Cal.App.2d 151 [150 P.2d 211], it was held that prior to the enactment of section 1020.1 of the Probate *222 Code and its forerunner, the probate court had no jurisdiction to determine the issue of the validity of an assignment upon the distribution of an estate, citing Estate of Howe, 161 Cal. 152 [118 P. 515].
 Sections 530, 530.1 and 1201a of the Probate Code, added by the Statutes of 1939, page 1992, chapter 588, and page 2431, chapter 852, were repealed by the Statutes of 1941, page 2893, chapter 1162, section 2. Those sections provided generally that every assignment of an interest in a decedent's estate must be in writing and shall be subject to the approval or disapproval of the provate court; that the filing thereof shall give "jurisdiction to such court" over the grantor of such assignment and every person acting thereunder; that such court shall have power to "inquire into and determine the validity thereof," and require proof of the amount of compensation to be charged by the person acting thereunder, and to fix and determine the validity and reasonableness of such compensation, whether or not the same has been fixed in the instrument so filed. Under the act no such instrument is enforceable until so filed, and no provision therein in reference to such compensation is binding until approved by the court as therein provided. The sections further provide that any party to such an assignment may file a petition in such probate court asking that court to examine such instrument and to approve or disapprove the same in whole or in part, or to make any proper order in relation to the validity thereof or the reasonableness of any compensation payable to the parties to such instrument. The sections provide that the court shall fix a time and place for hearing the same.
 Section 1020.1 of the Probate Code was added by Statutes of 1941, page 2893, chapter 1162. It adopted many of the same provisions of the former sections and enlarged the power of the court in some respects. It provides generally that the probate court, before making distribution of any property of the decedent to any assignee, pursuant to any agreement of a devisee, may, on the motion of any person interested in the estate, or on its own motion, "inquire into the consideration for such assignment ... and into the amount of any fees ... or consideration paid or agreed to be paid ... and into the circumstances surrounding the execution of such assignment ..." and if it finds that the fees, or consideration paid by such devisee is grossly unreasonable, or that any such assignment was obtained by duress, fraud or undue influence, *223 it may refuse to make distribution pursuant thereto except upon such terms as it deems just and equitable.
 [1] It becomes apparent that if the jurisdiction of the probate court, previous to the enactment of those sections, was limited, and it was not authorized by law to determine the validity of an assignment in the probate proceedings, as suggested in Estate of Howe, 161 Cal. 152 [118 P. 515], and other decisions cited by appellant, the Legislature has specifically conferred upon such courts the power and jurisdiction to hear and determine the issues specifically permitted in the above sections, and has provided a method of proceeding in such cases. (In re Burton, 93 Cal. 459, 462 [29 P.36]; Cal. Const., art. VI, 5.) See, also, Estate of Cohen, 66 Cal.App.2d 450, 458 [152 P.2d 485] [hearing denied by the Supreme Court]. In the last case cited, a similar assignment was involved. The appellant filed an answer to the petition for approval, opposing the granting thereof. The grounds of opposition were that the assignment was illegal or void because of facts indicating undue influence and fraud, and appellant further denied ever having made it. The court found adversely to appellant on all issues and also found that the assignment was regular in from; that the contract for services rendered was reasonable, and approved it in whole. The court held on appeal that the question of the reasonableness of the compensation provided for in an instrument of that kind was one of fact to be determined by the court having jurisdiction of the probate proceedings.
 Estate of Lund, supra, is factually similar to the present action and involved an assignment of a one-third interest in the devisee's share of the estate. The court found that the assignee was entitled to $1,000, which amount was considerably less than the one-third interest of the devisee. In upholding the decree awarding only $1,000 the appellate court pointed out that the probate court was permitted by the sections of the Probate Code to "inquire into the consideration" for the assignment and into the amount of any fees or consideration paid or agreed to be paid by the devisee, and into the circumstances surrounding the execution of the assignment, and that the court had certain alternative findings it could make: (1) That such assignment was obtained by "duress, fraud or undue influence"; or (2) that "the fees, etc. ... are grossly unreasonable"; and that upon making of either finding the court "may refuse to make distribution pursuant thereto except *224 upon such terms as it deems just and equitable." Whether the assignee might seek relief against the assignor in another independent action based upon the claimed assignment, if the probate court had refused to recognize the assignment at all and had refused to make distribution to the assignee but distributed the estate directly to the devisee is not before us, and that question is not necessary to determine in this proceeding.
 [2] In the instant case the respondents sought to enforce the provisions of their assignment in the probate proceedings. Both respondents and appellant submitted themselves to its jurisdiction for the purpose of determining whether that court would or would not refuse to make distribution according to the assignment. The probate court did not rescind or set aside the assignment in its entirety for all puposes but it ignored the assignment in part for the purpose of distribution, which it had a right to do. (Estate of Lund, supra, p. 155.) In other words, it recognized the assignment of appellant's interest only to the extent of 15 per cent and 2 per cent respectively, which sums were found to be the reasonable value of the respondents' services. The evidence supports the award. Despite the informality of the pleadings and particularly the findings which were mainly set forth in the decree of distribution, we are satisfied that such findings, on the issues presented, were sufficient to support the decree. (Estate of Lund, supra.)
 The next point is raised by appellant. She discusses two rights of which she contends that she was deprived by the hearing in the probate court. One is that the trial court wrongfully deprived her of her constitutional right of a trial buy jury of the controversies contained in the pleadings, citing article I, section 7, Constitution of California; In re Anderson's Estate, 136 Misc. 110 [240 N.Y.S. 532]; Hutchason v. Marks, 54 Cal.App.2d 113 [128 P.2d 573]; People v. Bruneman, 4 Cal.App.2d 75 [40 P.2d 891]; section 1230, Probate Code; Estate of Baird, 173 Cal. 617, 622 [160 P. 1078]; and Estate of Perkins, 21 Cal.2d 561 [134 P.2d 231].
 Secondly, it is contended that appellant was entitled to a trial of the issues presented in a suit commenced in the county of Los Angeles, which is, she says, the place of her residence, citing section 592 of the Code of Civil Procedure.
 [39] As we view the nature of this proceeding, it was one for the probate court to determine whether the assignment should be recognized and whether the distributive share should *225 be distributed directly to the devisee, or whether the distribution should be made to the assignee by virtue of the assignment. The action, strictly speaking, is not one "for money claimed as due upon contract." It is a proceeding to determine the validity and effect of a claimed assignment.
 In Board of Education v. Mulcahy, 50 Cal.App.2d 418 [123 P.2d 114], it was held that there is no provision in the Constitution quaranteeing the right of trial by jury in all cases. And quoting from Cline v. Superior Court, 184 Cal. 331, at p. 339 [193 P. 929], it is said:
 "It is a settled proposition of law in this state that the right of trial by jury there referred to is the right as it existed at common law, and that it does not secure the right to a trial by jury in any case which was not triable by a jury, as of right, under the common law of England."
 [4] Appellant does not cite us to any case in which an assignor could obtain a jury trial on the question of the validity of an assignment at common law. The constitutional guaranty of a right to trial by jury has no application to cases coming within the equity jurisdiction, and a jury may not be demanded in such cases as a matter of right. However, the court may in its discretion grant a trial by jury, upon such conditions as it may see fit to impose, but the verdict in such case is merely advisory and is not binding upon the court. (Ballou v. Avery, 175 Cal. 641 [166 P. 1003]; Davis v. Judson, 159 Cal. 121 [113 P. 147]; Hudson v. Hudson, 129 Cal. 141 [61 P. 773]; Holland v. Kelly, 177 Cal. 43 [169 P. 1000]; 15 Cal.Jur. 11, p. 331.)
 [5] In determining whether an action is legal or equitable and consequently whether a jury may be demanded as a matter of right, the court is not bound by the form of the action, but rather by the nature of the rights involved, as determined from the whole of the pleadings, and the facts of the particular case. (Cauhape v. Security Savings Bank, 127 Cal. 197 [59 P. 589].)
 Wheelock v. Godfrey, 100 Cal. 578 [35 P. 317], was an action to set aside an assignment by plaintiff's testator and to declare certain money the property of plaintiff. It was there held that plaintiff was not entitled to a jury trial.
 [3b] Under section 1230 of the Probate Code all issues of fact joined in probate proceedings must be tried in conformity with the rules of practice in civil actions. The right to a jury trial on the question of determination of heirship *226 is specifically granted by statute, the same as in a will contest. (Prob. Code, 1081.) The failure of the Probate Code to specifically authorize a trial by jury on such issues as are here presented is sufficient reason for holding that there is no right to a jury trial on those issues. (Estate of Bell, 58 Cal.App.2d 333, 338 [136 P.2d 804].) Sections 530 and 530.1 contain no express statutory authorization for issues being joined, or authorizing the formation of an "issue of fact" within the meaning of the several cases that allow issues of fact to be framed in probate proceedings where a jury trial is authorized. (Estate of Baird, supra; In re Bundy, 44 Cal.App. 466 [186 P. 811].)
 Section 1020.1 of the Probate Code provides that the court might make the investigation "on its own motion" and does not contemplate a petition setting forth the grounds of the contest in relation to the assignments nor does it make mention of the necessity of any answer or other pleading in connection therewith.
 We therefore conclude that the appellant was not entitled to a jury trial, as a matter of right, on the issues presented. [6] Both appellant and respondents submitted the issue in reference to the assignments to the Probate Court for decision, as required by sections 530 and 530.1 of the Probate Code. The filing of such assignments with the clerk of the court gave jurisdiction to the court "over the grantor of such ... conveyance or assignment ... and over every person acting thereunder." Appellant filed a petition in the probate proceeding to disapprove such assignments in whole and notice of hearing the petition was given. Appellant cannot now be heard to complain that she was entitled to defend the action or proceedings in the county of Los Angeles. Furthermore, this question was not raised at the hearing and therefore should not be considered for the first time on appeal. We perceive no prejudicial error on the part of the trial court.
 The decree of distribution is affirmed.
 Barnard, P. J., and Marks, J., concurred.