[Civ. No. 16232.   Second Dist., Div. One.   July 6, 1948]

CHLOE M. GORDON, Respondent, v. EVALYN M. NICHOLS, Appellant.

John A. Jorgenson for Appellant.

Connelly & Angelillo for Respondent.

YORK, P. J.—This is an appeal from an interlocutory judgment in favor of plaintiff Gordon ordering the accounting, partition and sale of real property owned by said plaintiff and defendant as tenants in common.

The complaint alleges that upon the death of Laura L. Dickinson on September 18, 1940, the property here involved descended to appellant Evalyn M. Nichols and to Jean Louise Hayward Black in equal shares; that said Black assigned

10 per cent of her interest to plaintiff Durkee, and 40 per cent of her interest to the respondent Gordon, and that the probate court made distribution on February 24, 1944, to the said parties as follows: 50 per cent to appellant Nichols, 40 per cent to respondent Gordon and 10 per cent to Durkee. It is also alleged that appellant as the duly appointed administratrix of the estate of Laura L. Dickinson, deceased, collected certain rents, issues and profits for which she accounted in said probate proceedings, and that although a demand had been made upon appellant for an accounting, she has failed and refused to do so since the entry of the decree of distribution in said estate.

Appellant answered, denying generally and specifically each and every allegation of the complaint and for a separate defense alleged herself to be the sole owner of the proprty in question.

The court found it to be true (1) that the property in question descended to appellant Nichols and Black, as alleged; (2) that Black by assignments transferred her one-half interest in said property to Durkee, as to a 10 per cent interest, and to respondent Gordon, as to a 40 per cent interest; (3) that the decree of final distribution distributed the property accordingly; (4) that appellant Nichols as administratrix collected the rents, issues and profits from such property, made certain expenditures as set forth in her accounts rendered in the probate proceeding, and continues to collect the rentals on said property.

The court further found that an action was commenced in the Superior Court in and for the County of Los Angeles, entitled Jack Edwin Reed (also known as Jerre Edwin Nichols) by Evalyn M. Nichols, his guardian, plaintiff, vs. Jean Louise Hayward (Black); Chloe Gordon (now Cly); Monte Cly; P. E. Durkee, et al., defendants, and that a notice of attachment dated March 31, 1944, was recorded; that execution issued therein in the sum of $57.42; that thereafter the interest of P. E. Durkee in the property described was sold on the 27th day of April, 1944, to one Max Weidner for $84.74; that on May 8, 1945, said Weidner transferred to A. T. Nichols the certificate of sale and conveyed to said Nichols the property therein described; and that said A. T. Nichols on May 19, 1945, by grant deed conveyed to appellant Evalyn M. Nichols all of his interest in the described property. The court found that by reason of the foregoing that the 10 per cent interest of Paul E. Durkee, in and to said property and

the rents, issues and profits thereof, is now owned by appellant Evalyn M. Nichols. Further, that a partition could not be made without great prejudice to the owners and that a sale is necessary; that an accounting should be made of all rents, issues and profits from the realty described which have accrued and are due and owing to respondent Gordon as to a 40 per cent interest and to appellant Nichols as to a 60 per cent interest.

The interlocutory judgment accordingly decrees that appellant owns a 60 per cent interest in the property and respondent 40 per cent thereof, orders appellant to render an accounting, and orders that the property be sold and the proceeds be divided between the parties in proportion to their respective interests.

Adverting to the decree of distribution in the estate of Dickinson, the assignments by Black to Durkee and respondent Gordon were inferentially approved, since the property was distributed to them as their respective interests appeared in such assignments, said decree further providing:

"(5) That no determination is made by this decree as to the relative rights, priorities, or other effects of the action commenced by Jack Edwin Reed or his filing of lis pendens therein, or the attachment or judgment in favor of A. T. Nichols . . . or the rights, priorities, of effects of any attaching, judgment, or other lien claimant against the interest in this estate which descended to Jean Black, as against said Jean Black, P. E. Durkee, Monte Cly, or Chloe M. Gordon, but all such matters are expressly reserved and relegated to other forums for determination."

During the trial herein a certified copy of such decree of distribution was introduced in evidence as plaintiff's Exhibit One, at which time the trial court commented with reference to clause 5 thereof, above quoted, as follows: "I take it that one of the purposes of this action is to have the court make such a determination."

It is here asserted by appellant that the finding of the trial court that respondent Gordon is the owner of a 40 per cent interest in the realty here involved is unsupported by the evidence.

This 40 per cent interest is claimed by respondent under the assignment heretofore mentioned, which was approved by the probate court and made part of its decree of distribution. However, between the time the assignment was executed and

its approval by the court, sections 530 and 530.1 of the Probate Code were repealed and section 1020.1 was enacted.

Appellant takes the position that the repeal of sections 530 and 530.1, *supra,* terminated any right that respondent acquired under such assignment, and that, since statutes operate prospectively, unless otherwise provided, respondent could not take advantage of the new section 1020.1, *supra.* In other words, that any right respondent had under the assignment expired with the repeal of said sections 530 and 530.1, and therefore appellant takes the entire interest of Black by virtue of the judgment in favor of A. T. Nichols.

On January 18, 1941, when the assignment to respondent Gordon was executed, sections 530 and 530.1 of the Probate Code, (effective Sept. 18, 1939) provided that such assignments were wholly unenforceable, unless filed in the probate proceedings and approved by the court after hearing of special petitions presented therefor, and further that such assignments were not entitled to recordation until so approved.

These two sections were effectively repealed and a new section 1020.1 enacted as of September 12, 1941.

*Estate of Lund,* 65 Cal.App.2d 151, 153 [150 P.2d 211], points out that section 1020.1 and the former section 530.1 ''appear to have been enacted in an attempt by the Legislature to give the probate court some control, at least for the purpose of distribution, over agreements providing compensation for services of so-called 'heir-hunters.' . . . Prior to the enactment of said section (1020.1) and its forerunner [530.1] the probate court had no jurisdiction to determine the issue of the validity of an assignment upon the distribution of an estate. (*Estate of Howe,* 161 Cal. 152 [118 P. 515].)'' It is further stated by the court at page 155: ''As we read section 1020.1 of the Probate Code, it does not purport to grant to the probate court general jurisdiction to 'set aside' an assignment in its entirety and for all purposes. It merely purports to grant to the probate court the limited jurisdiction, under certain circumstances, to ignore the assignment in whole or in part for the purposes of the distribution of the estate.''

In *Estate of Cazaurang,* 75 Cal.App.2d 217, 223 [170 P.2d 694], the court after analyzing sections 530, 530.1, 1201a and 1020.1 of the Probate Code, continues: ''It becomes apparent that if the jurisdiction of the probate court, previous to the enactment of those sections, was limited, and it was not authorized by law to determine the validity of an assignment in the pro-

bate proceedings; as suggested in *Estate of Howe,* 161 Cal. 152 [118 P. 515], and other decisions cited by appellant, the Legislature has specifically conferred upon such courts the power and jurisdiction to hear and determine the issues specifically permitted in the above sections and has provided a method of proceeding in such cases. (*In re Burton,* 93 Cal. 459, 462 [29 P. 36] ; Cal. Const., art. VI, § 5.) See, also, *Estate of Cohen,* 66 Cal.App.2d 450, 458 [152 P.2d 485] [hearing denied by the Supreme Court]."

In 23 California Jurisprudence, page 714, section 97, the following appears: "As a general rule, the repeal of a statute takes away all remedies given by such statute, and defeats all actions pending under it at the time of its repeal, especially where the repealed statute created a cause of action and provided a remedy not known to the common law, or conferred jurisdiction where it did not previously exist." See, also, *Callet* v. *Alioto,* 210 Cal. 65, 67 [290 P. 438].

It is obvious from the foregoing that *before.* the enactment of sections 530 and 530.1, *supra,* the probate court had no authority to pass upon the validity of an assignment made by an heir, legatee or devisee of an interest in an estate; that *after* their enactment the right of an assignee to enforce such an assignment was subjected to the approval of the probate court, and that *upon their repeal* this restriction as to approval was removed, and the right of such assignee to take under the assignment was restored to its former status. Consequently, such repeal had no effect upon the right acquired by respondent Gordon under the assignment to her by Jean Louise Hayward Black.

Appellant assigns as error the sustaining of an objection to an offer of testimony adduced at a hearing in the probate court with respect to the assignment to respondent Gordon. Appellant claimed that respondent was bound by such evidence for the reason that she failed to make any denial thereto.

Section 1870, Code of Civil Procedure, provides that evidence may be given upon a trial of the following facts: "8. The testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter."

In construing this section, the court in *Meyer* v. *Roth,* 51 Cal. 582, held that if a witness is within this state so that process may compel him to testify, although out of the county where the case is tried, he is not out of the jurisdiction within

the meaning of the said section, so as to permit his testimony given on a former trial to be admitted in evidence. In this connection, appellant also assigns as error the ruling of the trial court sustaining an objection to appellant's questions addressed to a witness with respect to the present whereabouts of respondent Gordon.

Appellant had at her disposal the compulsory process of the court, and it is within the power of courts to compel the attendance of witnesses in the manner prescribed by law (*Wood* v. *Silvers*, 35 Cal.App.2d 604 [96 P.2d 366]), to wit: by subpoena (*In re Claasen*, 36 Cal.App.2d 155 [97 P.2d 254]). Having failed to take advantage of the privileges afforded, appellant has no cause to complain.

Appellant also assigns as error the sustaining of objections to an offer of proof that Monte Cly paid the consideration for the assignment to respondent Gordon, and therefore that a resulting trust in his favor should be presumed. Since Cly was not a party to the instant action, any rights existing between him and respondent cannot be adjudicated herein. (*Los Angeles* v. *Knapp*, 22 Cal.App.2d 211 [70 P.2d 643].)

Appellant urges that it was error to admit in evidence the entire file in the probate case, or any portion thereof, without actually extracting it, or preparing and filing copies, or reading the desired portions into the record. As a matter of fact, the first and second accounts and the assignment from Black to respondent were admitted into evidence by reference, in order to assist the referee appointed to make the accounting. As to this latter order, appellant urges that "all prior accounts must have been approved" and "there was no proof whatsoever of her (appellant) collecting any rents, issues or profits after that estate was closed." Nevertheless, the court found that appellant during the course of administration "collected the rents, issues and profits from said realty and in addition thereto, made certain expeditures as set forth in accounts rendered during the course of such probate proceedings; *that since said time* said defendant Evalyn M. Nichols has been, and now is, collecting the rentals on said property."

Appellant was not prejudiced by such finding, because the evidence fully justifies that portion of the judgment ordering a sale of the property in question. And the judgment simply provides that the referee appointed by the court shall determine what, if any, "rents, issues and profits from

the above-described realty which have accrued and are due and owing'' to the parties as their respective interests may appear. If, as appellant contends, she has collected no rents from said property after distribution was ordered in the probate proceeding, the accounting will so disclose.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1948.